# Leech's Estate.

*Will—Construction—Intestacy—Issue—Trusts and trustees—Vested and contingent estates—Income.*

Testator by his will, after authorizing his executors and trustees to advance certain sums of money to his sons and daughters and directing that such sums should be deducted from their respective shares of his estate which he was about to set apart for their benefit so that no inequality should occur or injustice be done, gave the residue of his estate to his executors in trust to pay to his wife one-third of the net income for life, and provided further, "The remainder of the net income and profits thereof is to be paid in like manner to my three children, share and share alike, during their respective lives and to the issue of such of them as may die leaving issue (during the respective minorities of such issue), the said issue taking their deceased parent's share. The property is to be held in trust. . . . After these trusts have been fully executed then the said property shall descend and go as my estate according to the then existing laws of Pennsylvania." Power was given to the sons of the testator to appoint by will a share of his income to his widow. One of the sons died leaving a will by which he appointed a certain sum per annum out of the income of his father's estate to his widow. The balance of such income was paid to his only child, a daughter, during her lifetime. This daughter subsequently died without issue, but leaving to survive her a husband. *Held,* that the balance of the income was payable to the husband.

Argued Jan. 18, 1910. Appeals, Nos. 216 and 217, Jan. T., 1909, by David C. Leech and James S. Swartz, Executors of the will of Henry S. Leech, deceased, and of David C. Leech and S. Josephine Loftus, from decree of O. C. Phila. Co., Jan. T., 1879, No. 448, sustaining exceptions to adjudication in Estate of William F. Leech, deceased. Before Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the testator after authorizing his executors and trustees to advance certain sums to his sons and daughters directed by his will as follows:

"In any event, the sum or sums which may be so advanced for either of my sons, or expended for my daughter, shall be deducted by my executors in such a way from their respective shares of my estate which I am about to set apart for their benefit so that no inequality shall occur and no injustice done to any of my children for I have the same affection for each of them and desire only to do the best that can be done for their welfare.

"I give, devise and bequeath all the rest and residue of my estate, whatsoever and wheresoever unto my executors and the survivor of them, in trust to receive the income and profits thereof, to pay the taxes thereon, to keep the real estate in repair, and to pay over one third of the net income thereof, in at least quarterly payments to my wife, for and during the term of her natural life, subject however to the limitation or condition mentioned in the third clause of this Will, and I declare the bequests contained herein, to be in lieu or bar of dower or thirds at law in my estate. The remainder of the net income and profits thereof, is to be paid in like manner to my three children, share and share alike, during their respective lives, and to the issue of such of them as may die leaving issue (during the respective minorities of such issue) the said issue taking their deceased parents share. This property is thus to be held in trust, and these payments are to be made to and for the sole and separate use of my wife and of my children in the manner aforesaid, free from all liability for their debts, contracts or engagements, by attachment or execution or assignment or anticipation, or in any other manner whatever. After these trusts have been fully executed, then the said property shall descend and go as my estate according to the then existing laws of Pennsylvania. Provided however that if either of my sons should die leaving a widow, I direct the said Trustees to pay to such widow during life, if she shall so long remain my son's widow, such part of the income of my estate which would have been com-

ing to such son, as he may by any last Will and Testament in writing direct and appoint."

Henry S. Leech, one of the testator's sons, died leaving a will by which he appointed the sum of $5,000 a year to his widow. The balance of his share of the income was paid to his only child, Marie, during her lifetime. Marie subsequently died without issue, but leaving her husband Jameson Cotting, surviving, he being her sole legatee and administrator of her estate. LAMORELLE, J., being of the opinion that the testator died intestate as to the balance of the income awarded it to his next of kin.

Exceptions were filed to the adjudication.

The exceptions were heard before DALLETT, LAMORELLE and ANDERSON, JJ.,—the opinion of the court being handed down by ANDERSON, J., sustaining the exceptions filed on behalf of Jameson Cotting, awarding to him all the accumulated income and all income hereafter accruing (excepting the sum of $5,000 per year appointed to the widow of the said Henry S. Leech) and dismissing all other exceptions. The opinion of the court was concurred in by an opinion filed by LAMORELLE, J., who receded from his former view that the income in question passed by intestacy. DALLETT, J., filed a dissenting opinion holding the appellants, David C. Leech and S. Josephine Loftus, to be entitled to all of the said income as surviving children of the original testator William F. Leech.

*Errors assigned* were in sustaining exceptions to the adjudication.

*William W. Porter*, for appellants, David C. Leech and James S. Swartz, executors of the will of Henry S. Leech, deceased.

*John G. Johnson*, for appellants, David C. Leech and S. Josephine Loftus.

*John C. Bell*, with him *William N. Trinkle* and *Joseph D. Redding*, for appellee, Jameson Cotting.

PER CURIAM, May 24, 1910:

We are of one mind that the court below correctly concluded that, upon the death of Henry S. Leech, his share in the income from the trust created by the testator, less the $5,000 appointed to his widow, passed to his only issue, Mary Leech Cotting, and the same having become part of her estate, it was properly awarded to her administrator. Both appeals are dismissed and the decree is affirmed at appellants' costs.