## Lafferty's Estate.

*Wills—Construction—Vested and contingent interests—Income.*

Testator by his will created a spendthrift trust for his children determinable when the youngest grandchild living at his decease should become of age, gave them certain portions of the principal therefrom and made certain provisions to take effect in case any of his children should die without leaving issue, and conferred certain powers of appointment upon such of his children as might die leaving issue. He then directed as follows: "But should any of my children die leaving issue him or her surviving, and make no appointment or disposal of my estate as authorized as aforesaid, then my executors shall hold the share he or she might have so willed or appointed, in trust for the child, children or issue of such decedent or decedents living at his, her, or their death, and the issue of any deceased child or descendent in equal shares, so, however, that such issue of descendents shall take equally only the proportion that their deceased parent would have taken if then living." One of testator's sons died leaving issue, but without having made an appointment. One of this son's children died during the continuance of the trust estate, testate leaving a widow and minor daughter.· *Held,*

that until the termination of the trust, the grandson of testator took a vested interest in the income, which he could transmit by will, and that his daughter acquired no interest therein as substituted legatee.

Argued Oct. 15, 1914. Appeal, No. 160, Oct. T., 1914, by Charles H. Lafferty et al., Trustees under will of Charles Lafferty, deceased, from decree of O. C. Phila. Co., Oct. T., 1886, No. 587, sustaining exceptions to adjudication in Estate of Charles Lafferty. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Charles Lafferty, by his will, proved October 27, 1885, devised and bequeathed the residue of his estate to his executors, to hold the same during the life of his children and thenceforth until the youngest grandchild living at the decease of his surviving child should arrive at lawful age, in trust, out of the income thereof to pay certain annuities unto his several children, free from liability to the debts, contracts or engagements of the annuitants or of any of their husbands or to any execution or attachment against them.

He provided that in case of the death of any child without leaving issue to survive, the share of such child should be held as part of the original trust estate for the increase of the annuities of the surviving children and their issue, subject to the same restrictions, limitations and exemptions from liabilities, and directed that the executors should hold the said residuary estate and the accretions thereto, as to any of his children, who should leave issue living at his or her death, subject to his or her disposal by will "of such share of the residuary estate, original or accrued, of which under the limitations of this will he or she was at his or her death entitled to the rents and income, to and among his or her child, children or issue, in such shares, proportions and estates, absolutely or upon trusts, as he or she may

so will or appoint, but subject to the trusts of this will during the time limited as aforesaid for the same to endure and the limitations over to the surviving children or the issue of deceased children; that is, during such trust the annuities shall be subject to the disposal of my children as aforesaid, and the shares of the residuary estate to take effect in possession at the expiration of the trust."

He further provided as follows:

"Eighth:—But should any of my children die leaving issue him or her surviving and make no appointment or disposal of my estate as authorized aforesaid, then my Executors shall hold the share he or she might have so willed or appointed, in trust for the child, children or issue of such decedent or decedents, living at his, her or their death, and the issue of any deceased child or descendant, in equal shares, so however that such issue or descendant shall take equally only the proportion that their deceased parent would have taken if then living; but subject to the trust hereinbefore created, until the limitation thereof shall expire, and subject to said restrictions and conditions, as to liability to contracts and debts, and exemptions from executions and attachments as aforesaid, and to the limitation over as above said in case of all of the issue of any of my children dying in their minority without issue."

Two of the testator's children are still living and the trust is therefore in full force.

Patrick Lafferty, a son of the testator, died in 1905, without exercising the power of appointment given him by his father's will, but leaving to survive him six children, one of whom, John Lafferty, died in 1909, intestate and without issue. All of the other five children of Patrick Lafferty are still living, except Francis P. Lafferty, who died September 14, 1912, leaving a widow, Margaret S. Lafferty, one of the two appellees, and a daughter, Margaret Frances Lafferty, whose guardian is the other appellee. Francis P. Lafferty at the date

of his death was receiving one twenty-fifth of the net income of the estate of his grandfather, Charles Lafferty. He left a will, by which he provided, inter alia, as follows: "And as to any income from the said estate, prior to the distribution of the principal thereof, which I may also be entitled to dispose of by will, I direct that the same shall be divided equally between and paid to my said wife, Margaret S. Lafferty, and my said daughter, Margaret Frances Lafferty, share and share alike, upon and after the death of either of them, the entire amount of said income to be paid to the survivor of them.

"Item Two. The rest, residue and remainder of my estate, which shall be held to include the entire estate of which I shall die seized or possessed or to which at the time of my death I shall be in any manner entitled, in possession, expectancy, remainder or reversion, not herein otherwise disposed of, I give, devise and bequeath as follows, to wit, one-third ($^1/_3$) thereof to my said wife, Margaret S. Lafferty, for and during the term of her natural life, upon her decease the entire, principal thereof to pass to, vest in, and be paid to my said daughter, Margaret Frances Lafferty, absolutely and in fee simple, and the remaining two-thirds ($^2/_3$) of the said residue to my said daughter, Margaret Frances Lafferty, to have and to hold to herself, her heirs and assigns forever."

He also appointed his wife executrix.

By the adjudication on the twenty-fifth account of the appellants the auditing judge awarded one twenty-fifth of the income of the trust estate, which had accrued since the death of Francis P. Lafferty, to his only child, Margaret Frances Lafferty, as the sole representative of her father's line of descent from his father, Patrick Lafferty, a child of the original testator, in accordance with the directions contained in the eighth paragraph of the testator's will. A majority of the court in banc, however, sustained exceptions to this adjudica-

tion and awarded one-third of this one twenty-fifth of the income to Francis P. Lafferty's widow and the remainder to his daughter.

GEST, J., filed the following opinion:

The exceptions filed by Margaret S. Lafferty, executrix of the will of Francis P. Lafferty, and by the guardian of his minor child, to the adjudication upon the twenty-fifth account, raise a serious question as to the construction of the will.

Francis P. Lafferty was one of six children of Patrick Lafferty, a son of the decedent, the said Patrick having died without having exercised the power of appointment given to him by the testator's will, and, as Francis P. Lafferty died after the filing of the twenty-fourth account, a question arose at the audit of the twenty-fifth account as to the distribution of the income which accrued since his death.  This makes it necessary for us to determine whether his share of the income vested in his executors or whether, under the limitations of the will of Charles Lafferty, the issue of Francis P. Lafferty, one child, a daughter, took his share as substituted legatee.

The intention of the testator on this point is obscure, but the general scheme of the will is clear.  By the fifth clause he gave and devised his residuary estate, real and personal, to his executors during the lives of his six children named in the will and the life of the survivor, and thereafter until the youngest grandchild living at the death of the surviving child should arrive at lawful age or would be of such age if dying after said event, in trust to pay annuities of $2,000 to each of his seven children, providing further that if the income should not suffice to pay the annuities in full they should abate pro rata, and should they enable his executors to pay more than the said annuities they should be increased accordingly.  The principal purpose of this somewhat unusual provision was probably to ensure, as far as possible, a regular yearly income to

the seven children; but practically it was equivalent to a gift to each of them of one-seventh of the annual income for their respective lives. In the sixth paragraph the testator provided that should any one or more of his children die and leave no issue living at his or her death the share or shares of such should be held and applied as part of his original trust residuary estate for the increase of the annuities of his surviving children and the issue of any of them, then deceased. And in the seventh paragraph the testator provided that in the event of any of his children dying and leaving issue living at his or her death, the executors should hold the residuary estate subject to the disposal of the child so dying as to such share of the residuary estate of which under the will such child was at his or her death entitled to the rents and income, to and among his or her child, children or issue, in such shares, proportions and estates as he or she might will or appoint.

As Patrick Lafferty left issue, but made no appointment, neither of these clauses directly applies to this case, which is governed by the eighth clause as follows: "But should any of my children die leaving issue him or her surviving, and make no appointment or disposal of my Estate as authorized aforesaid, then my Executors shall hold the share he or she might have so willed or appointed, in trust for the child, children or issue of such decedent, or decedents, living at his, her or their death, and the issue of any deceased child or descendant, in equal shares, so however that such issue or descendants shall take equally only the proportion that their deceased parent would have taken if then living; but subject to the trust hereinbefore created, until the limitation thereof shall expire, and subject to said restrictions and conditions, as to liability to contracts and debts, and exemptions from executions and attachments as aforesaid and to the limitation over as above said in case of all the issue of any of my children dying in their minority without issue."

It is contended on behalf of the trustee that the testator by the added words "and the issue of any deceased child or descendant in equal shares" intended that on the death of each child leaving issue, but without exercising the power of appointment, his child, children or issue should receive his share of the income, and as each child or other descendant should from time to time die, during the period of the trust, his or her children should take the income by way of substitution. The learned counsel for the widow and child of Francis P. Lafferty, however, in his able argument, maintained that on the death of Patrick Lafferty, his children, among whom was Francis P. Lafferty, became entitled to Patrick Lafferty's share of the estate, and that, until the termination of the trust, Francis P. Lafferty was entitled to a vested interest in the income, which income passed under his will, and, consequently, his widow is entitled, according to his will, to one-third of his share of the income for her life. A careful consideration of the will of Charles Lafferty has convinced the majority of the court that this is the correct construction of it. The eighth paragraph of the will provides that upon the death of a child without leaving issue him or her surviving and without having exercised his power of appointment the executors should hold the share he or she might have appointed in trust, etc. What is the share he or she might have appointed appears by reference to the preceding paragraph—the seventh—to be the share of which he or she was at his or her death entitled to the income. That is, a certain share of the principal or corpus is distinctly directed to be held in trust "for the child, children or issue of such decedent or decedents living at his, her or their deaths." That the death of each child fixed the time at which his child, children or issue were to be ascertained and take seems to be clear, Pepper's Appeal, 120 Pa. 230, and no doubt could arise had not the testator added the words "and the issue of any de-

ceased child or descendant in equal shares," by which, it is argued, the testator intended the issue of a child or descendant who died or was "deceased" after the death of its ancestor, the child of the testator. The phrase used is undoubtedly perplexing, but we are of opinion that this was not the testator's intention. No special significance is to be attached to the word "descendants," which means merely issue, that is, offspring or posterity in general: Waln's Estate, 189 Pa. 631; Gormley's Estate, 154 Pa. 378; and the phrase was, we think, added by the testator, after his description of persons who were to take, viz., "child, children or issue of such decedent or decedents living at his, her or their death," to show clearly the distributive proportions in which those persons were to take, viz., the issue of any deceased child or descendant" (i. e., issue in general) taking "so, however, that such issue or descendants shall take equally only the proportion that their deceased parent would have taken if then living;" the last words referring clearly to the same period of time already fixed for the vesting, the death of a child of the testator, and rendering unmistakable the stirpital character of the interests vesting at that time.

There is nothing whatever in this clause of the will to show, as in Rowland's Est., 141 Pa. 553; 151 Pa. 25, and Babcock's Est., 18 Pa. Dist. Rep. 453, that the testator intended the income to be distributed among a fluctuating class of issue or descendants who might be living at successive periods of distribution; indeed, there is no direction at all for the payment of the income except such as would necessarily follow from the ownership of the corpus, nor is there anything restricting the interests of the children or issue of a deceased child of the testator to life estates, the case being similar in this respect to Little's Appeal, 81 Pa. 190; Leech's Est., 228 Pa. 311, and Murphey's Est., 21 Pa. Dist. Rep. 1103.

The construction which we have given to this eighth paragraph is moreover entirely consistent with the

general scheme of the will. The testator first provided for the death of the children without leaving issue. In this case their "shares" are to be applied for the increase of the "annuities" of the surviving children and their issue. He next provided for the death of his children leaving issue. In this case the child so dying is given the right of disposal by will of "such share of which he or she was at his or her death entitled to the rents or income;" this right of appointment was an exclusive right, but restricted to children or issue, and, if the child so dying disposed of or appointed his or her "share," it is obvious that he or she would or could dispose of his or her "share" of the principal at the termination of the trust, and the income meanwhile. The object of the eighth clause was to provide, in case such appointment was not made by will (which might or might not be preferential as the testator might determine), that the share of the child so dying should at once vest in his children or issue equally and per stirpes, as they were ascertained at his death, and not to provide for an entirely different and fluctuating distribution of income until the termination of the trust and for distribution of the principal at that time among a class which until the arrival of that time would be entirely contingent.

It was suggested that the prior decisions of the Supreme Court in this case should or might affect our determination of this question, and we shall briefly refer to them, premising that this case concerns the interest of Patrick Lafferty, whereas the prior decisions of this court and of the Supreme Court, reported in 12 Pa. Dist. Rep. 281, affirmed in 209 Pa. 44; and 19 Pa. Dist. Rep. 504, reversed in 230 Pa. 496, concerned the interest of Francis Lafferty, a brother of Patrick. Francis died in 1896, and by his will gave his estate to his three children, one of whom was Rose Carr. The latter died in 1901, leaving a will, by which she bequeathed certain annuities and the residue to her

children.   The auditing judge awarded Rose Carr's
share of the income to her executor, basing his opinion,
however, upon an erroneous assumption that Francis
Lafferty's power of appointment was general instead
of the special power above recited.   Judge PENROSE
said: "We think, however, that the share of income
belonging to the estate of Rose E. Carr should be
awarded to her executor and not to the guardian of
her children.   Under the will of her father exercising
the power of appointment given to him by the will
of his father—the present testator—she acquired the
absolute ownership of the share appointed to her,
though possession of the legal estate cannot be had until
the termination of the trust created by the grandfather's
will.   But in the meantime her share of the income
must go as she has directed by her will, viz., to her
executors, whom she charged with the payment of the
annuities there provided for—the residue only, after
such payment, passing to the guardian of her children."
In reality it made no difference whether Francis Laffer-
ty's share passed to his children through the exercise
of the power of appointment under clause 7 of Charles
Lafferty's will, or whether they took directly in default
of such exercise under clause 8.   However, it being
afterward observed that Francis Lafferty's power was
special, and his exercise of it therefore not affected by
the Act of June 4, 1879, sec. 3, P. L. 88, Stew. Purd.
5145, this court, at the audit of a subsequent account
in Lafferty's Est., 19 Pa. Dist. Rep. 504, in the en-
deavor to correct what appeared to be an error in the
prior distribution, awarded Rose Carr's share of the
income to those who were supposed to be entitled in
default of Francis Lafferty exercising his power of ap-
pointment, i. e., to Rose Carr's issue.   But this was
reversed by the Supreme Court in Lafferty's Est., 230
Pa. 496, on the ground that their prior decision in 209
Pa. 44, established the law of the case.

Now the distribution decreed in that case was, as we

## 34 LAFFERTY'S ESTATE.

now construe the will of Charles Lafferty, exactly right. It was there held that the share of the income to which Rose Carr, daughter of Francis Lafferty, was entitled under the wills of Charles Lafferty and Francis Lafferty, should be awarded to her executor and not to her children. Here we hold that the share of Francis P. Lafferty, son of Patrick Lafferty, passes under his will because it was vested in him. The only difference is that we are of opinion that this distribution is correct under clause 8, because both Francis and Patrick left issue and neither exercise their power of appointment, whereas it was supposed in the first decision that Francis had exercised his power under clause 7.

But assuming that there is any inconsistency in our present decision with the prior decisions of the Supreme Court, so far as they involved the construction of the will of Charles Lafferty, it is obvious that the doctrine of res adjudicata has no application. To make a prior decree the law of the case, it is necessary, under the fundamental principles of the law of estoppel by judgment, that the subject-matter should be the same and that the parties should be the same. Neither element exists here. The subject-matter is not the same, because Lafferty's Est., 209 Pa. 44, and 230 Pa. 496, concerned the construction of the wills of Charles Lafferty, Francis Lafferty and Rose E. Carr, while this litigation concerns the wills of Charles Lafferty, Patrick Lafferty and Francis P. Lafferty. So the parties are not the same. Rose Carr died in 1901, and the contest arose over her share of the income and was decided by the Supreme Court in 209 Pa. (1904) and in 230 Pa. (1911), whereas Francis P. Lafferty did not die until September 14, 1912, and the rights of the present litigants did not arise until then. It cannot then be said that his widow and child are concluded by the litigation which concerned another branch of the estate and to which they were not and could not have been parties. Grothe's Est., 237 Pa. 262, is directly in point.

It is true that a proceeding for the probate of a will is an action in rem and is therefore binding on all the world, Wills v. Spraggins, 3 Gratt. 555, and in this state it has been held to be conclusive on infants and lunatics, unless contested within the time and in the manner provided by statute: Folmar's Appeal, 68 Pa. 482; Miller's Est., 166 Pa. 97; but that is a very different thing from the judicial construction of the instrument where, as in other cases, the parties whose rights are to be determined must be properly before the court: Black on Judgments, sec. 638a; Shipman v. Rollins, 98 N. Y. 311. The decision in Devine's Est., 199 Pa. 251, depended on the identity of the parties, to which may be added McCown's Est., 221 Pa. 324, and Lightner's Est., 187 Pa. 237; and the recent decisions of Bower's Est., 240 Pa. 388, and Kellerman's Est., 242 Pa. 3, while involving different questions recognize the same principle.

In Weidman v. Marsh, 16 Pa. 505, an ejectment was brought for a fraction of a tract of land, the title to which depended upon whether the widow of the deceased owner took a fee or a life estate. The court held that she took a life estate only and entered judgment for the plaintiff. In Schriver v. Meyer, 19 Pa. 87, another ejectment was brought for another fraction of the same land by another person interested under the same will, and the Supreme Court, being of opinion that the prior decision was wrong, decided that the widow took a fee and entered judgment for the defendant. The Supreme Court held that they were not bound by the former decision, when other interests came up for discussion.

We are accordingly of opinion that the distribution of the income of the share of Francis P. Lafferty, awarded by the auditing judge, proceeded upon an erroneous construction of the will, and that it should have been awarded, in accordance with his will, one-third to his widow, Margaret S. Lafferty, for life, and

the remainder to his daughter. The exceptions are sustained and the award of income is amended accordingly.

Of course the scope of our decree is limited to the distribution of income only, and the rights of the parties who may be entitled ultimately to the principal of the estate are not hereby determined.

*Error assigned* was in dismissing exceptions to adjudication.

*Eli Kirk Price*, with him *Walter Willard* and *Henry C. Loughlin*, for appellants.—The specific terms of the spendthrift trust created by the testator's will are violated by the finding of the court below, that Francis P. Lafferty acquired upon the death of his father, Patrick Lafferty, an absolute vested estate in one twenty-fifth of both principal and income of the residuary estate of his grandfather, Charles Lafferty: Horwitz v. Norris, 49 Pa. 213; Swaby's Est., 14 W. N. C. 553; King's Est., 14 W. N. C. 77; Eschbach's Est., 197 Pa. 153; Moore's Est., 198 Pa. 611.

The general scheme of the testator's will is violated by the finding of the court below, which recognizes the power of a beneficiary to dispose of future accruing income during the continuance of the trust to one not a descendant of the testator: Middleswarth v. Blackmore, 74 Pa. 414; Doebler's Appeal, 64 Pa. 9; Fahrney v. Holsinger, 65 Pa. 388; Schott's Est., 78 Pa. 40; Ferry's Appeal, 102 Pa. 207; Jackson's Est., 179 Pa. 77.

*C. J. Hepburn*, for appellee, cited: Pepper's App., 120 Pa. 235.

Opinion by Rice, P. J., February 24, 1915:

Patrick Lafferty, a son of Charles Lafferty, died leaving six children and without having made appointment or disposition of his share of the estate (an undivided

one-fifth part) as by sec. 7 of Charles Lafferty's will he was authorized to do. Francis P. Lafferty was one of the children of Patrick Lafferty. He died after the filing of the twenty-fourth account, and the question that arose on the adjudication of the twenty-fifth account, and is the question here, was as to the distribution of the income from the residuary estate of Charles Lafferty that had accrued after the death of Francis P. Lafferty. There is and can be no dispute that upon the death of Patrick Lafferty the eighth section of the will of Charles Lafferty became applicable, and that from that time the executors held Patrick Lafferty's share in trust as therein specified. But, while the first clause of this section is perfectly clear and free from ambiguity, and leaves no room for doubt as to the intention of the testator so far as the contingency or time when it should become applicable is concerned, it must be confessed that the remainder of the section, beginning with the words, "in trust for," is not so clear. The conclusion reached by the majority of the orphans' court was, that, on the death of Patrick Lafferty, his children, among whom was Francis P. Lafferty, became entitled to Patrick Lafferty's share of the estate, and, therefore, Francis P. Lafferty had a vested interest in the income to accrue under the trust, which he could and did bequeath to his wife and child. The conclusion that this was the intention of the testator was reached by a careful analysis of the eighth clause, and upon due consideration of the general scheme of the will. It is well expressed by the court in these words: "The object of the eighth clause was to provide, in case such appointment was not made by will (which might or might not be preferential as the testator might determine), that the share of the child so dying should at once vest in his children or issue equally and per stirpes, as they were ascertained at his death, and not to provide for an entirely different and fluctuating distribution of income until the termination of the trust and for distribution

of the principal at that time among a class which until the arrival of that time would be entirely contingent." Our examination has led us to the same conclusion, and it is so well supported by the reasoning of Judge Gest that we deem it unnecessary to do more than add a few words upon a subject which is not particularly discussed in his opinion. The spendthrift trust clauses of the will, to which counsel for appellants make elaborate reference in their learned and able argument, are to be considered in arriving at the testator's intention, but they do not necessarily compel the conclusion that his intention could not have been that, upon the death of one of his children, leaving issue, without having exercised the power of appointment, the share of that child should vest in his children. If this was the actual, personal, and individual intent of the testator, as ascertained by consideration of the particular words of the eighth section and the general scheme of the will, it ought to control, and the provisions as to liability for contracts and debts, and exemption from execution and attachment, be restrained accordingly. In that view, neither the letter nor the true intent of these provisions was violated by giving effect to the disposition which Francis P. Lafferty made of his vested interest in the income by his will.

The decree is affirmed at the costs of the appellants.