# McGlinn's Estate.

*Wills—Construction—Income for years—Vested estate.*

A testator gave to his executors a large number of shares of stock of two corporations "in trust to collect the dividends accruing thereon and pay over the same in equal shares" to his sons and daughters, naming them, "or to the issue of any of them who may be dead leaving issue, per stirpes, until the expiration of five years from the date of my death," etc., etc.  Among the children named to whom was given the income accruing from the stock designated was a daughter Annie.  She survived the testator, but died within the period of five years after his death leaving no issue to survive her.

*Held:* That the daughter took a vested estate in her share of the income arising from the trust fund during the period of five years, and that the same was properly awarded to her personal representative.

582, (1921).] Statement of Facts—Opinion of the Court.

Argued October 17, 1921. Appeal, No. 137, Oct. T., 1921, by John McGlinn, Jr., from decree of O. C. Phila. Co., Oct. T., 1918, No. 794, dismissing exceptions to adjudication upon the second account of William J. McGlinn, W. W. Montgomery, Jr., and Continental-Equitable Title and Trust Company, Trustees under item 4, of the Will of John McGlinn, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to adjudication. Before HENDERSON, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exception. John McGlinn, Jr., appealed.

*Error assigned* was the decree of the court.

*W. M. Montgomery, Jr.,* of *Roberts, Montgomery & McKeehan,* for appellant, cited: Woelpper's App., 126 Pa. 562; Fetrow's Est., 58 Pa. 424; Packer's Est., 246 Pa. 97; Stafford's Est., 258 Pa. 595.

*Daniel C. Donoghue,* for appellee, cited: Little's App. (Agnew's Est.), 81 Pa. 190; Carstensen's Est., 196 Pa. 325; Hildebrandt v. Hildebrandt, 42 Pa. Superior Ct. 190; Spang's Est., 49 Pa. Superior Ct. 314; Harned's Est., 54 Pa. Superior Ct. 47.

OPINION BY HEAD, J., November 21, 1921:

In the fourth clause of his will the testator gave to his executors a large number of the shares of the stock of two corporations "in trust to collect the dividends accruing thereon and pay over the same in equal shares" to his sons and daughters, nominatim, "or to the issue of any of them who may be dead leaving issue, per stirpes, until the expiration of five years from the date of my death whereupon I direct etc." Among the children

named to whom was given the income accruing from the stock designated was a daughter Annie. She survived the testator but died within the period of five years after his death leaving no issue to survive her. The main question in the case is to whom was payable the income accruing on her share of the trust fund after her death and until the end of the five-year period. The learned orphans' court was of opinion it was payable to her personal representative and so awarded it. The appellees take the position that such portion of the income bequeathed to the daughter Annie, on and after the date of her death without issue, fell into the residuary estate and was subject to distribution as such. The status of these contending theories must be fixed according as it be determined whether the daughter Annie, who was in full life at the date of the death of the testator, took a vested estate in the income bequeathed to her, or only a contingent or conditional estate. In the adjudication in the orphans' court of the first account of the executors or trustees, Judge GEST of that court pointed out with much clearness and force, the reasons for the conclusion that the estate of the daughter Annie, in her share of the income arising from the trust fund for the period of five years, was a vested estate. His reasoning was based upon and followed Carstensen's Estate, 196 Pa. 325. That case was disposed of in the Orphans' Court of Franklin County, then presided over by the late Justice JOHN STEWART. He filed a lengthy opinion, the result of much research in support of the conclusion that, in a case precisely like this in principle, the gift of income was a vested estate, notwithstanding the fact that two of the income legatees, under the will then being considered, died during the lifetime of the surviving husband of the testatrix who was to receive the entire income during the period of his life. Upon an appeal to the Supreme Court, Mr. Justice MESTREZAT wrote the opinion affirming the decree of the orphans' court. We may, with propriety, quote but a small portion from his opin-

ion, pointing out that it was the precise thing in that will that raised the question at issue that here and now creates the difficulty in our case. "There is no provision made in the will for the disposition of the interest of any brother or sister who might die prior to the death of the life tenant without leaving a child or children. In such an event there is no divestiture of the title acquired by the general bequest." That is the situation arising under the will now before us. As already stated, the testator placed a large fund in the hands of his trustees to be by them kept invested for a period of five years from the date of his death. The income arising therefrom he gave to his six children in equal shares "or to the issue of any of them who may be dead leaving issue, etc." His daughter Annie was alive and fully competent to take the bequest which her father's will gave to her. She died within the period of five years. The event of her death leaving children to survive her was fully contemplated and provided for by the testator, but there was a failure to deal directly with another contingency, to wit, the one that actually arose. It is unnecessary to here attempt to state at length the reasons and the authorities which so strongly support the conclusion reached by the learned court below. Everything that can be profitably said on the subject, all of the learning necessary to inform the inquiring mind, may be found in an examination of the opinions of the court below and of the Supreme Court in Carstensen's Estate. This court but followed in the well blazed path in Hildebrand v. Hildebrand, 42 Pa. Superior Ct. 190, and Spang's Est., 49 Pa. Superior Ct. 314. We conclude, therefore, that upon the death of her father his daughter Annie took a vested estate in the one-sixth of the income arising from the trust fund during the period of five years. That being true, the award to her personal representatives, as made by the court below, necessarily followed.

One other question demands very brief consideration. Under the fifth clause of the will, the executors and

trustees were given full power and authority to sell out-
right the stocks of the corporations which constituted
the trust fund, and in such case the trustees of such part
of said share as "I have bequeathed to any of my said
sons or daughters or in trust for them in items second,
third, and fourth hereof shall be paid to such sons and
daughters or held in trust for them upon the same terms
as provided in said items of my will except that such
gifts shall in such case take effect immediately without
waiting for the expiration of five years from my death."
The executors and trustees, in the exercise of a sound
discretion, executed the power thus conferred upon them
and sold and disposed of a large portion of the stocks
constituting the corpus of the trust fund, substituting,
of course, the proceeds of such sale or other securities
in which such proceeds had been invested for the stocks
directly received from the testator.   It ought not to re-
quire much more than an examination of the language
quoted in the light, of course, of the entire will, to dem-
onstrate that if the daughter Annie died in the owner-
ship and enjoyment of a vested estate in the one-sixth of
the income of the trust fund created by the will of her
father, that vested estate was not and could not be de-
stroyed by a substitution of one kind of property or
securities for another kind in the corpus of the fund.
Nor would this conclusion be disturbed because of the
fact that, as to the shares of the other legatees of the in-
come of the trust fund during the period of five years, the
distribution of the corpus, that would follow the ex-
piration of the five-year period, was accelerated by the
sale and disposition of the stocks already referred to.
Upon a careful consideration of the entire question and
of the argument of the learned counsel for the appellant,
we are all of the opinion the learned court below reached
a conclusion so well supported both on principle and
authority that it should not be disturbed.   The assign-
ments of error are overruled and the decree is affirmed.

Appellant for costs.