## Kemble's Estate.

*Will—Construction—Gift of income to grandchildren as a class.*

Where testator devises his residuary estate in trust to be distributed after the death of the survivor of his wife, children and grandchildren living at his death, to persons entitled to his estate under the intestate laws, and gives a certain share of income to the children of a deceased son living at testator's death, of whom two survived testator, without limitation of time other than the period fixed for the duration of the trust, and with no gift over or in substitution in case of their deaths pending the trust, the share of income of one of the grandchildren, who died without issue, passes to the other as the surviving member of the class..

Maxwell's Estate, 261 Pa. 140, commented upon.

Exceptions to adjudication.  O. C. Phila. Co., April T., 1892, No. 53.

*Howard H. Yocum, Harry E. Keller* and *Thomas Stokes,* for exceptants.

*Duane, Morris & Heckscher* and *Francis B. Bracken,* contra.

GEST, J., April 27, 1923.—The question raised by these exceptions may be briefly stated. The testator devised his residuary estate in trust, which endures until the death of the survivor of his wife (who has since died), his children (who are likewise deceased) and his grandchildren living at his death (of whom some now survive), when the trustees are directed to convey the real estate and assign the personal estate "to such person as would then take if I had died intestate at said date." The trust for the income, in the meantime, is, since the death of the widow, to pay to each of his children one-third of the income, "or if any child shall die leaving children [living] at my death, to pay said child or children the income the parent would have been entitled to hereunder if he or she were living at the time of the payment." The word "living," in brackets, is not in the will, but it seems necessary, and it is conceded, that this was intended by the testator. One of the testator's children, Clay Kemble, died leaving a widow, who, under the codicil, is admittedly entitled to one-third of his share of income, and two children, William and Florence. William died without issue. Florence is living; and the question is whether Florence is entitled to the income payable to her brother William, or whether that share is payable to the executor of William, or perhaps to his widow as devisee under his will.

Here we have a gift of a certain share of income to those two grandchildren, without limitation of time other than the period fixed for the duration of the trust, and with no gift over or in substitution in case of their deaths pending the trust.

On the principle of the earlier cases, their interests are vested and pass to their personal representatives as estates *pur autre vie,* and this construction is certainly supported by decisions of the Supreme Court in Little's Appeal, 81 Pa. 190; Ritter's Estate, 190 Pa. 102, and Leach's Estate, 228 Pa. 311, with which agree the decisions of the Superior Court in Hildebrant *v.* Hildebrant, 42 Pa. Superior Ct. 190; Dillin's Estate, 18 Dist. R. 420, 47 Pa. Superior Ct. 158; Lafferty's Estate, 59 Pa. Superior Ct. 24; McGlinn's Estate, 77 Pa. Superior Ct. 582, to which may be added Murphey's Estate, 21 Dist. R. 1103. In Leech's Estate, 18 Dist. R. 527, 228 Pa. 311, the income was directed to be paid during the continuance of the trust to the testator's three children, share and share alike, during their respective lives, and to the issue of such of them as may die leaving issue, etc., and on the termination of the trust, the estate was to descend and go according to the then existing laws of Pennsylvania. It was held by the Supreme Court that a grandchild took her parent's share *pur autre vie* which passed to the administrator of her estate.

It was, however, argued in support of the adjudication that Rowland's Estate, 141 Pa. 553, rules the present case. That decision was based upon the theory, first, as the court said: "The trustees are to have regard, in the first place, to the five children named in the will as living; in the next place, to the two children named as deceased, and represented by living issue; then, last, to 'any other of said children (living at date of will) that may at any time (before a given distribution) have died leaving issue.' The distributees thus ascertained will consist of two classes, viz., living children of the testator, and living issue of deceased children taking in the right of the parent, or *per stirpes*." And, secondly, that the intent which dominated the will was to preserve the entire estate for the grandchildren and to make division among them *per stirpes* at the death of the last surviving child. As the court said in Rowland's Estate, 151 Pa. 25, when the will came before it a second time: "The will provided for an annual distribution and placed the distributees in two classes, viz., living children of the testator, and living issue of deceased children. The first was a steadily diminishing class until the death of the last survivor should extinguish it altogether. The second was a steadily increasing class until at length it should become entitled to the whole estate. The distribution of the income annually, as of the principal ultimately, was to be made *per stirpes*." But in the present case neither of these considerations apply. In the first place, the gift of income is here made, not as in Rowland's Estate, to children and issue of two deceased children and the issue of any other of the children that may at any time have died leaving issue until the death of the last survivor of said children—it is given to the children of the testator's children; and, secondly, the distribution of the principal at the termination of the trust is given in Rowland's Estate to the issue then living of the testator's seven children, whereas the gift here is to such person as would take if the testator had died intestate at that time, which is by no means the same, as the remaindermen may be a different class.

Huddy's Estate, 257 Pa. 528, while it is similar in some respects to this case, is in others quite different. In the Huddy will there was not only a spendthrift trust clause as to the income so to be paid to the niece and her children, who were referred to as the beneficiaries, but the will stated that the income was to be used for their maintenance and support, which negatived the theory that the niece's children took an estate in the income *pur autre vie*, and the remainder over at the death of the survivor of the niece's children was to the niece's grandchildren and issue of deceased grandchildren, in which important respect the case was like Rowland's Estate rather than the present. However, in Maxwell's Estate, 261 Pa. 140, the wills of John Maxwell and Elizabeth, his wife, which were there construed, contained similar provisions for the payment of income among the children of the testator, the issue of any deceased child to take its parent's share until the death of the last surviving child, when the trust funds were to be divided equally among the grandchildren of the testator and testatrix *per stirpes*. This court was of opinion that one of the children, who died intestate, unmarried and without issue, took a vested estate *pur autre vie*, and awarded his share to his administrator. The Superior Court affirmed us in 67 Pa. Superior Ct. 63, in an opinion by Judge Head, but on appeal to the Supreme Court, where it may be noted there was no argument for appellees, the appeal was sustained in an opinion by Mr. Justice Potter, which we think goes to the extent of supporting the present adjudication. Without further comment thereon, and in conformity with what we understand to be the views of the Supreme Court, the exceptions are dismissed and the adjudication confirmed absolutely.