# Kemble's Estate.

*Wills — Construction — Trust and trustees — Gift of income — Children—Grandchildren.*

1. Where a testator bequeaths and devises his residuary estate to trustees to hold until the death of the survivor of his wife, his children and his grandchildren living at his death, when the trustees are directed to convey and assign the estate "to such persons as would then take if he had died intestate at that date," and further provides that the trustees are to pay the income after the death of the widow to each of his children one-third thereof "or if any child shall die leaving children [living] at my death to pay said child or children the income the parent would have been entitled to hereunder if he or she were living at the time of the payment," and a child of the testator dies leaving a son and daughter, who were both living at the time of testator's death, such daughter after the death of her brother takes to the exclusion of her brother's representatives the share of income previously paid to him. Maxwell's Estate, 261 Pa. 140, followed in principle.

2. A legacy cast in such form,—a direction to pay at given times to designated classes,—while not always conclusive evidence that the payee or payees are intended as the sole beneficiaries, to the exclusion of others claiming through him or them, is a circumstance showing a purpose not, in any manner or degree, to treat the legatee or legatees as sources of succession.

3. In such case there is further indication of lack of intent to vest the income in a grandchild for a period beyond his life, in the failure to vest the remainder of the principal of the estate either in grandchildren or in their descendants except as the latter might be testator's heirs at law at the time of the decease of the last survivor of the children and grandchildren living at his death.

Argued January 11, 1924. Appeals, Nos. 139 and 140, Jan. T., 1924, by Minerva C. Kemble, and William C. Gray and Minerva C. Kemble, executors of Wm. H. Kemble, deceased, from decree of O. C. Phila. Co., April T., 1892, No. 53, dismissing exceptions to adjudication, in estate of William H. Kemble, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Affirmed.

Exceptions to adjudication of GUMMEY, J.

From the record it appeared that testator gave his residuary estate to his executors in trust to pay five annuities, and provided: "And in further trust after the payment of the aforesaid annuities to pay in even quarterly payments as near as may be one-half of the remaining income of my estate to my wife and one-sixth to each of my children and after the death of my wife to each of my children then living one-third of the one-half income thereafter accruing theretofore bequeathed to my wife, or if any child shall die leaving children at my death then to pay said child or children the income the parent would have been entitled to hereunder if he or she were living at the time of the payment, and upon the death of my wife and children and all of my grandchildren living at my death to convey my real estate and assign my personal estate to such persons as would then take if I had died intestate at said date." A codicil directed: "In case of the death of my daughter leaving surviving her husband or in case of the death of either or both of my sons leaving surviving a wife, I then direct that one-third of the income bequeathed by my will to the children of such deceased child shall be paid such surviving husband or wife, for his or her life and the remaining two-thirds be only distributed among my grandchildren as herinabove provided."

Testator was survived by a wife, Mary F. Kemble, who died November 2, 1905, and by three children, Clay Kemble, Isaac W. Kemble and Elizabeth K. Yarrow.

Clay Kemble, son of testator, died on June 10, 1917, survived by a widow, Jennie C. Kemble, and two children, William H. Kemble, Jr., and Florence Kemble. William H. Kemble, Jr., died on April 9, 1920, without issue and leaving a wife, Minerva C. Kemble. By the terms of his will his wife and William C. Gray are executors, and his entire estate is given to his wife, Minerva C. Kemble, absolutely. Florence Kemble, the other child of Clay Kemble, is living, unmarried and of full age.

After the death of Clay Kemble the one-third of the income formerly paid to him was distributed by the trustees,—one-third to his wife and one-third to each of his children, William H. Kemble and Florence Kemble.

'After the death of William H. Kemble, Jr., the shares of income which he had received (one-third of one-third, or one-ninth of the entire income of the trust estate) was paid by the trustees to his sister, Florence Kemble, and has been so paid, up to the time of the filing of the account. At the audit it was contended on behalf of appellants that these payments were erroneously made and that after the death of William H. Kemble, Jr., the income received by him in his lifetime should have been paid to his personal representatives, or to his widow, Minerva C. Kemble, as his sole legatee. The auditing judge, GUMMEY, J., overruled this contention and awarded the income to Florence Kemble, as the only surviving one of her class, to the exclusion of the widow or the executors of the will of William H. Kemble, Jr. A decree of the court below, by GEST, J., affirming that award, is the subject of this appeal.

*Error assigned* was, inter alia, decree, quoting it.

*Thomas Stokes,* of *Henry, Pepper, Bodine & Stokes,* with him *Harry E. Keller* and *Howard H. Yocum,* for appellants.—The residuary trust clause of the will makes an absolute gift of income to the children of a deceased child.

The codicil confirms the gift of income to the grandchildren of testator, subject only to provision for the surviving wife or husband of a deceased child.

There is no gift over of income on the death of a grandchild during the term of the trust.

The orphans' court has indicated that the weight of authority sustains a vested gift of income to the grandchildren: Leech's Est., 228 Pa. 311; Little's App., 81 Pa. 190; Hildebrant v. Hildebrant, 42 Pa. Superior Ct. 190; Dillin's Est., 18 Pa. Dist. R. 420; Lafferty's Est., 59 Pa. Superior Ct. 24; McGlinn's Est., 77 Pa. Superior Ct. 582; Murphey's Est., 21 Pa. Dist. R. 1103.

*F. B. Bracken,* of *Morgan, Lewis & Bockius,* with him *Duane, Morris & Heckscher,* for appellee.—The will of testator reveals a clear intention to confine the distribution of income from the residuary estate to children and grandchildren living at the time of his death, during their respective lives: Rowland's Est., 141 Pa. 553.

The will in the present case is not distinguishable in essential particulars from the wills construed in Rowland's Est., 141 Pa. 553; Huddy's Est., 257 Pa. 528; Maxwell's Est., 261 Pa. 140.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 11, 1924:

These appeals involve the proper construction to be placed on the will, dated April 13, 1891, and a codicil executed in the same month, of William H. Kemble, who died September 16, 1891. The exact terms of so much of the will and codicil as are involved in the present case will be found in the notes of the reporter, published in connection with this opinion. The court below decided that appellants, the widow and the executors of a deceased grandchild of testator, took no interest in a share of income which had been enjoyed by the grandchild during his life, and that such income vested, at the

death of the grandchild, in his sister as the survivor of a class.

Testator placed his residuary estate in a trust to endure until the death of the survivor of his wife (who has since died), of his children (three in number, all of whom are likewise deceased) and of his grandchildren living at his death (some still survive), at which time the trustees are directed to convey the real estate and assign the personal estate "to such persons as would then take if I had died intestate at said date." The widow having died, the trust for the income is, in the meantime, to pay to each of his children one-third thereof, "or if any child shall die leaving children [living] at my death to pay said child or children the income the parent would have been entitled to hereunder if he or she were living at the time of the payment." (The word "living," bracketed above, does not appear in the will at the place indicated, but it occurs almost immediately thereafter, and the opinion of the court below, from which the above correct outline of the will is taken, states it was conceded by all parties in interest that the insertion of the word as bracketed brings out and rightly expresses the intention of testator.) The codicil states that, if any of testator's children die, his or her surviving husband or wife are to be paid, for life, one-third of the income bequeathed to the children of such deceased child, and "the remaining two-thirds only [are to] be distributed among my grandchildren" as provided in the will.

One of testator's children, Clay Kemble, died leaving a widow, who, under the codicil, is admittedly entitled to one-third of his share of income, and two children, William and Florence; William died without issue, but Florence still lives, and the question presents itself whether she is entitled to the income received by her brother, during life, or whether that share is payable to the executors of William, or, his estate having been settled, to the latter's widow as devisee under his will.

The court below concluded that, so far as the gifts of
income to children and grandchildren were concerned,
the primary intention, evidenced by the will and codicil,
was to confine these to two sets of beneficiaries, namely,
testator's own children and, upon their deaths respec-
tively, the share enjoyed by each of them to be paid to
their children living at testator's death, in the manner
provided by him and with the usual right of survivor-
ship which pertains to members of a class; this con-
clusion is sustained by the writings in the case.

William H. Kemble evidently anticipated that which
subsequently came about, the passing of his children
leaving children to survive them; when the will was
made, and at his death, five months later, he had living
children and grandchildren, who became the beneficiaries
of the income from his residuary estate, now enjoyed ex-
clusively by the latter.

The will provides that only the grandchildren who
survive their father or mother, as the case may be, shall
be entitled to participate in the "quarterly payments" of
income, which are to continue until the death of all the
children and the grandchildren *living at the time of
testator's death;* and it is contended by appellants that,
since the will fails to state in terms what, on the death
of a grandchild, becomes of the share of income thereto-
fore enjoyed by that beneficiary, relevant rules of con-
struction require the court to hold testator intended to
vest this share in the grandchild for the full life, or
period, of the trust, so that, on the prior death of such
grandchild, it would become payable to the latter's per-
sonal representatives, or, if the beneficiary had previ-
ously disposed of the income, or subjected it to the
claims of others, then to the assignees or creditors.

The rules invoked by appellants have no application to
the present will, because, as found by the auditing judge,
the language employed clearly discloses an intention to
confine the payments of income (after the death of tes-
tator's widow, and with the slight exception made by

the codicil in favor of the surviving spouses of deceased children) to the individuals composing the sets of beneficiaries designated by him, namely, his children and his grandchildren living at the time of any distribution. When carefully read, the words of the residuary devise sufficiently show this intent, and the terms of the codicil reënforce the construction of the will adopted by the learned court below. For instance, as previously pointed out, testator includes as beneficiaries of income only those grandchildren who survive their parent, the child of testator; if he wished to vest the interests of his grandchildren for the entire period of the trust, and thus provide for their respective spouses, why should he have discriminated as between grandchildren who survived and those who might predecease their parent? Then, testator failed altogether to provide for possible grandchildren born after his death; it seems unlikely, with these ignored, that he intended to provide for the husband or wife, heirs, creditors or assigns of grandchildren born in his lifetime. His scheme of distribution also rebuts an inference that he contemplated, in any contingency, strangers to his blood, after the death of a grandchild, becoming distributees of his bounty, since he stipulates that the trustee shall make "even quarterly payments as near as may be" to his wife, children and grandchildren, as they respectively become entitled to their shares of income under the will, and he confines the distribution so far as grandchildren are concerned, not to those born in his lifetime, but impliedly to those so born and still living when the shares of income allotted to them become distributable; for grandchildren living at testator's death take under the will "the share the parent would have been entitled to thereunder" if he or she had been alive at the time of payment, and the provision is *"to pay said child* [grandchild] *or children* [grandchildren] the income in question. A legacy cast in the form of the present testamentary disposition,—a direction *to pay* at given times to designated classes,—

while not always conclusive evidence that the payee or payees are intended as the sole beneficiaries, to the exclusion of others claiming through him or them, is a circumstance showing a purpose not, in any manner or degree, to treat the legatee or legatees as sources of succession. Then, again, the will states that, on the death of a child leaving children [living at testator's death] the latter are to be paid the income the parent would have received if he or she were alive at the time of payment, not that each child of a child shall take share and share alike with his brothers and sisters, but, rather, that such children, as a class, shall take their deceased parent's share of income; evidently meaning that each grandchild is to take subject to a right of survivorship in the others, or for life only. There is further indication of lack of intent to vest the income in a grandchild for a period beyond his life, in the failure to vest the remainder of the principal of the estate either in grandchildren or in their descendants except as the latter might be testator's heirs at law at the time of the decease of the last survivor of the children and grandchildren living at his death. Finally, aside from the provisions therein contained for the surviving spouses of his children, the language of the codicil strongly suggests that, after his wife and children, testator had in mind, as distributees of income, grandchildren and grandchildren alone; directing that this income was to "be only distributed among" them, his "grandchildren," as provided in the will, or, in other words, as members of a class.

When the terms of the will and codicil are considered as a whole, it appears that, after providing an income for his widow, testator's real interest was centered on his children, and his grandchildren living at his death. His desire was to benefit these persons, known to him (and to a limited extent the surviving spouses of his children), by the income from his residuary estate; his descendants generally, or those then entitled as his heirs under the intestate laws, to receive the principal at the

death of the last of these primary beneficiaries. This, the scheme of his will, is expressed with sufficient clearness to be understood without the aid of rules of construction or the citation of authorities. Accordingly, on the death of the widow, the income was payable to two sets of beneficiaries,—children, and grandchildren of testator living at his death who might survive their parents, these latter, in each instance, taking, between or among, them as a class, the share of their deceased parent; such being his manifest purpose, the present distribution must be so confined. Thus, Florence Kemble, appellee, a grandchild of testator, became entitled to the whole share of income of her deceased father, after the death of her brother, and the orphans' court was right in denying the claims to participate with her in this share made by the executors and the widow of the brother.

While the present will interprets itself without the need of authorities, yet the court below correctly cites, and follows the principle of, Maxwell's Est., 261 Pa. 140; for the documents before us and the facts at bar more nearly approach the writings and facts involved in that controversy, and those in the cases there followed, than they do those covered by the earlier decisions relied on by appellants. As to testator's intention to deal with beneficiaries in classes, Maxwell's Est., supra, (p. 146), is enlightening; see also Johnson's Est., 276 Pa. 291, 293, 295.

The decree appealed from is affirmed, costs to be paid out of the estate.