Wood's Estate.

Argued January 13, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Daniel C. Donoghue,* for appellant.

*Francis Biddle,* of *Barnes, Biddle & Myers,* with him *Theodore Voorhees,* for appellee.

*J. Edgar Wilkinson,* with him *Shields, Clark, Brown & McCown,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1936:

Stuart Wood died in 1914, unmarried and without issue. His will provided for a trust whereby the trustees were to set aside so much of the income of the residue as, in their discretion, would not be needed to protect and develop his estate, and to divide the income so set aside into three lots. One of the lots was to be paid to testator's brother Walter during his lifetime, and a second lot to his sister Juliana during her lifetime. The

third lot was disposed of as follows: "During the lifetime of my brother Edward R. Wood, should he survive me, the one-third part of one of said lots shall be paid to him, and the remaining two-thirds part of said lot shall be divided equally between such of his children as may survive me, and in case of the death of my said brother, the entire lot shall be divided equally between the children who survive." It was further provided that, upon the death of either his brother Walter or his sister Juliana, the survivor of them should receive the lot of the other, and, upon the death of both, their lots should be divided, in specified proportions, between testator's niece Juliana and his nephews Charles R. Wood and Edward R. Wood, Jr. A principal distribution was directed at the death of testator's brothers Edward and Walter and his sister Juliana, ten and twenty per cent in trust for his nieces Mariane and Juliana respectively, and the remainder to be divided equally between his nephews Charles R. Wood and Edward R. Wood, Jr. A provision against anticipation or attachment for debt of either principal or income was included.

Testator was survived by his brothers Walter and Edward, his sister Juliana, and four children of his brother Edward. Of these children, Charles R. Wood died in 1927, leaving a widow and two children, and Edward R. Wood, Jr., died in 1930, unmarried and without issue. Edward R. Wood, Sr., died in 1932. Testator's brother Walter was still living at the time of the adjudication. An account filed by the executors was submitted to an auditor, who concluded that the gift of two-thirds of the third lot of income to such of the children of Edward, Sr., as survive testator was a gift to a class, that survivorship within the class was to be implied, and that the shares of Charles and of Edward, Jr., since their respective deaths should be awarded to the surviving members of the class, Mariane Wood Diaz and Juliana Wood, nieces of testator. He further decided that upon the death of Edward, Sr., these two nieces were entitled to

the whole third lot of income. Upon exceptions thereto, the auditor's awards were reversed by the orphans' court, which held that each of the children of Edward, Sr., took an estate pur autre vie in the two-thirds share of the third lot and that the personal representatives of Charles and Edward, Jr., were entitled to their respective shares of income until the death of the cestui que vie, Edward, Sr., and upon the latter's death his share fell into the shares of his children. From the decree so entered Mariane Wood Diaz has appealed.

We agree with the learned auditor that testator has given no directions for the present situation and that rules of construction must therefore be invoked. In the first place, it is clear that the gift of income to "such of [the] children [of Edward Wood, Sr.] as may survive [testator]" is a gift to a class. A bequest to a number of persons not named, but answering a general description, is a gift to them as a class, where a contrary intention does not appear from the will: *Denlinger's Est.,* 170 Pa. 104; *Harrison's Est.,* 202 Pa. 331, 335; *Brundage's Est.,* 36 Pa. Superior Ct. 211; *Herman's Est.,* 90 Pa. Superior Ct. 512, 516. Whether or not the gift is to a class of course depends on the testator's intention, which, when it does not sufficiently appear in the will itself, must be settled by rules of construction. Where the gift is "of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or other definite proportions, the share of each being dependent for its amount upon the ultimate number," the gift is to a class: see *Billings's Est. (No. 1),* 268 Pa. 67, 70. An application of these tests to the present case leaves no doubt that the bequest must be regarded as a class gift.

In a gift of income to a class, where a member of the class dies without issue before the time for principal distribution, the share of that member falls in and, in the absence of a contrary intent, increases the shares of the

surviving members of the class, who therefore take in preference to the personal representatives of the deceased member: *Rowland's Est.*, 141 Pa. 553; *Huddy's Est.*, 257 Pa. 528; *Maxwell's Est.*, 261 Pa. 140; *Kemble's Est.*, 279 Pa. 368; *Nixon's Est.*, 306 Pa. 261; *Smith's Est.*, 110 Pa. Superior Ct. 469; *Boyer's Est.*, 115 Pa. Superior Ct. 501. The interest is thus one for life, with remainder to the surviving members of the class, where no different intent appears. That the result must be the same where the deceased member leaves issue, but where testator has not indicated an intent that distributees shall upon death be represented by living issue, is clear. In a gift of income, distributees are to be ascertained at each periodic distribution by the formula provided by testator: *Rowland's Est.*, supra; *Rowland's Est.*, 151 Pa. 25. This is necessarily true even though testator does not specifically direct a periodic payment; for, from the nature of a gift of income, there must be periodic distribution, whether annually, semiannually, or otherwise, and the distributees must be determined anew at each such period. It follows that, where income is given to a class, the distributees entitled to take at any period of distribution are the members of the class who are alive at that time, or, where representation by issue is provided, the living issue of deceased members. "At each income-paying period, it is the duty of the trustee to determine who is living to receive payment": *Nixon's Est.*, supra, page 266. Where testator has provided a scheme of representation of deceased distributees by their living issue, or has otherwise indicated an intent that the distribution be stirpital, the interest of each member of the class becomes a "life-estate with remainder over to living issue if any and in default of issue of such decedent then over to surviving distributees, per stirpes": *Rowland's Est.*, 151 Pa. 25, pages 29-30; *Nixon's Est.*, supra, page 265; *Smith's Est.*, supra, page 474. But such an intent may not be presumed. The present will does not contain the slightest suggestion of rep-

resentation or of stirpital distribution, and the issue of deceased members are therefore not entitled to claim substitution. Accordingly, the shares of income of Charles and of Edward, Jr., upon their respective deaths increased the shares of the surviving members of the class. There is no force in the argument that the introductory phrase "during the lifetime of my brother Edward" indicates that in the ensuing gift to the latter's children the interest of each is pur autre vie, the life of Edward, Sr. Rather does the phrase qualify the whole gift to the class, directing that the payment of two-thirds of the third lot of income to the class shall last as long as Edward, Sr., lives. Upon his death the payment is to continue, increased by the share formerly paid to him.

Our conclusion that the children of Edward, Sr., took but life interests is supported by other provisions in the will. Upon the death of testator's brother Walter or of his sister Juliana, the decedent's share of income is given over to the survivor, and, upon the death of both, the shares of both to testator's niece and nephews. The interests of Walter and of the sister Juliana are accordingly for life only. Edward, Sr., is likewise given but a life interest in his share. Nothing appears to indicate that any different interests were intended for the latter's children: see Maxwell's Est., supra, pages 145-146. Furthermore, it is apparent that the children of Edward, Sr., are the principal objects of testator's bounty. The gifts of income over to them upon the deaths of Walter and of the sister Juliana, and the direction of a principal distribution among them, make it plain that testator's primary interest was centered on them, who were undoubtedly known to him, and that he would prefer the shares of deceased children to remain to the survivors, to the exclusion of the personal representatives of the decedents. Another factor which, though not conclusive, is undoubtedly persuasive in support of this conclusion, is to be found in the prohibition against anticipation and attachment for debt. To hold that the personal

representatives of Charles and Edward, Jr., are entitled would render the income accruing after their deaths liable for their debts—a result not consonant with the spendthrift trust provision: see *Maxwell's Est.,* supra; *Nixon's Est.,* supra.

The cases relied on by the court below and by appellees are inapplicable here. Where it appears from the will that gifts of income were intended to be gifts to individuals as such, and not as a class, the share of an individual dying before the time for principal distribution will pass to his personal representatives, unless specifically restricted to a life interest: *Little's App.,* 81 Pa. 190; *Ritter's Est.,* 190 Pa. 102; *Grothe's Est.,* 229 Pa. 186; *French's Est.,* 292 Pa. 37; *Spang's Est.,* 49 Pa. Superior Ct. 314; *McGlinn's Est.,* 77 Pa. Superior Ct. 582; *Bechtel's Est.,* 85 Pa. Superior Ct. 14. "All of the cases following *Little's Appeal* are distinguished by the absence of any purpose of the testator to appropriate the estate exclusively to a class of legatees": *Huddy's Est.,* supra, pages 533-534; *Nixon's Est.,* supra, page 268. Of course, if the testator's intent, gathered from the whole will, indicates payment of a deceased distributee's share to his personal representatives, or other particular disposition thereof, the intent will be followed regardless of whether the bequest is in form an individual gift or a class gift: *Leech's Est.,* 228 Pa. 311; *Harned's Est.,* 273 Pa. 237; *Hildebrant v. Hildebrant,* 42 Pa. Superior Ct. 190; *Lafferty's Est.,* 59 Pa. Superior Ct. 24. But no such intent appears here, and, since the gift of income is to a class, the shares of deceased members thereof must be awarded to the surviving members of the class.

This disposition of the case makes it unnecessary to consider the meaning of the phrase "children who survive," in the gift over upon the death of Edward, Sr. At his death his share of the third lot fell into and increased the gift to his children, and, since survivorship within the class is to be implied, the whole of the third lot of income remained, upon the death of Edward, Sr., to his

children then living, to wit, Juliana and Mariane. Whether the word "me" (testator) or the word "him" (Edward, Sr.) is to be read after the phrase "who survive" is therefore of no consequence, as the learned auditor has pointed out.

The decree of the court below is reversed and the ·awards of the auditor are reinstated, costs to be paid out of the estate.