# Rowland's Estate. Fidelity Trust & Safe Deposit Co.'s Appeal.

*Wills—Distribution—Income—Trusts.*

A testator gave the residue of his estate to trustees, directing that certain sums should be paid out of the income to certain of his children annually during life, the balance of income to be divided annually per stirpes among his five living children, the issue of two deceased children, and the issue of any other of his children who might die leaving issue. These distributions were to be made annually, until the death of the last survivor of the testator's children, when the principal was to be divided equally, per stirpes, among the issue then living of the seven children. One of the daughters of the testator was deceased at her father's death leaving three children, and one grandchild, the daughter of a deceased child. One of these three children living at the death of the testator died a few months later leaving a son.

*Held,* that in the annual distribution of income the share of this deceased grandchild of the testator should be paid to her son and not to her administrator.

The distributees are to be determined at each annual distribution by the formula provided by the testator, and the distributees so ascertained take the same estate in the income, viz., a life-estate with remainder over to the living issue if any, and in default of issue of such decedent, then over to surviving distributees, per stirpes. Bomeisler's Ap., 141 Pa. 553, applied.

Argued April 7, 1892. Appeal, No. 233, Jan. T., 1892, by the Fidelity, Insurance Trust & Safe Deposit Co., trustee under the will of Paltiall S. Rowland, deceased, from decree of O. C. Phila. Co., April T., 1888, No. 364, dismissing exceptions to adjudication. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

From the adjudication it appeared that the testator died June 10, 1887. By his will he gave the residue of his estate, after payment of debts, to his wife for life. and after the death of his wife his residence was to go to his daughter Delia, for life, and the residue was directed to be held by his executor in trust for the following uses and purposes :

" In trust to keep invested all the personal estate and collect and realize all the rents, issues and profits both of my real and personal estate and to pay thereout to my daughter Delia above named the sum of $2,500 per annum during the whole term of her natural life : to my son Ephraim A. Rowland, and

to my son, John I. Rowland, each the sum of $700 per annum during the whole term of the natural life of each: and the surplus of net income over and above what is requisite to be paid said annual amounts of $2,500, $700, and $700 I direct to be annually divided equally, per stirpes, and not per capita, between my five children, Delia, John, Ephraim, Rachel and Esther, and the issue of Sarah and Fanny, deceased, and the issue of any other of said children that may at any time have died leaving issue until the death of the last survivor of said children, and final distribution of my estate next hereinafter provided for.   The principal of said real and personal estate to be held until the death of every one of my children, and upon the death of the last survivor of them to be divided equally, per stirpes and not per capita, between the issue then living of my seven children to wit: Delia R. Newhouse, Ephraim A. Rowland, John I. Rowland, Rachel Bomeisler, Esther Bomeisler, Sarah Jane Hart and Fanny Tobiason."

Other facts appear by the opinion of the Supreme Court.

The auditing judge, FERGUSON, J., awarded the share of Isabel to her administrator.   The trustee filed the following exceptions to the adjudication, inter alia, alleging that the court erred (1) in deciding " that there is a vested estate in the income in the issue of the children who were then deceased; " (2) in awarding a proportional share of the income of the said estate to the executors of Isabel, and in not awarding the said share to her son.

The exceptions were dismissed, in an opinion by ASHMAN, J. The trustee appealed.

*Errors assigned* were (1) dismissal of exceptions, quoting them ; (2) awarding to administrator of Isabel a share of the income ; (3) not awarding share of income of Isabel to guardian of her minor child.

*Mayer Sulzberger*, for appellant.

*John Marshall Gest*, for appellees, cited Parkhurst v. Harrower, 142 Pa. 432; Little's Ap., 117 Pa. 14; Attwood v. Alford, L. R. 2 Eq. 479; Bayne v. Crowther, 20 Beav. 400.

OPINION BY MR. JUSTICE WILLIAMS, October 3, 1892.

When the testator prepared his will five of his seven children

were living and two were dead. Of these, Sarah was represented by three living children, Isabel, Edward, and Ada, and by a grandchild Sadie, daughter of her deceased daughter Abby. Fanny was represented by two surviving children, Abby A. and Amelia L.

By his will the testator gave the whole of his estate to his wife for life, without liability to account therefor, and made her executrix. After her death if his daughter Delia should survive he gave his residence to Delia for life. The rest of his estate real and personal remaining at the death of his widow he gave to the Fidelity Company and his daughter Delia as executors and trustees with directions to keep the same invested and from the income, rents, issues and profits derived therefrom to pay to Delia the sum of twenty-five hundred dollars per annum during her life; to Ephraim, a son, seven hundred dollars per annum for life; to John, a son, seven hundred dollars per annum for life. The residue of the income the trustees were directed to divide annually between his five living children, and the living issue of the two who were deceased, in equal parts, per stirpes. As any of his five living children should die the share of such child was to be paid to the living issue surviving him or her, until the death of the last survivor of the five should occur. When this event should take place the trustees were to divide the principal, per stirpes, among the issue then living, of his deceased children equally. John died sometime after his father, the testator, leaving no issue; and in Bomeisler's Appeal, 141 Pa. 553, we held that the five living children of the testator took an estate for life in the income, and that John's share, upon death without issue, went to enlarge the shares of the other distributees.

The will provided for an annual distribution and placed the distributees in two classes, viz.; living children of the testator, and living issue of deceased children. The first was a steadily diminishing class until the death of the last survivor should extinguish it altogether. The second was a steadily increasing class until at length it should become entitled to the whole estate. The distribution of the income annually, as of the principal ultimately, was to be made per stirpes.

The present contention, like that in Bomeisler's Appeal, is over a question affecting the annual distributions. Sarah, it will

be remembered, was deceased when the will was prepared, and at her father's death was represented by living issue, three children and one grandchild, the daughter of a deceased child. Isabel, one of her three children living at the death of the testator, died a few months later leaving a son Jonas A. The question now raised is whether the share of Isabel should be paid to her administrator, or to her surviving issue Jonas A.

It is evident this question is not ruled by Bomeisler's Appeal, because it relates to the estate given to the issue of children who were deceased at the time of the testator's death, and not to that given to living children; but if it should appear upon an examination of the will that the testator's intention was that all of the distributees should take a life-estate only, it would then be brought under the rule laid down in that case. What is there to show the intention of the testator in this respect? It is true as the learned counsel for the appellee has clearly and forcibly pointed out that there are no words in the body of the gift that expressly limit or qualify it. The gift is to " the issue of Sarah and Fanny deceased," to take effect in the same manner as the gift to " the issue of any other of said (living) children that may at any time have died leaving issue." The income is to be distributed each year by dividing it into as many parts as there are living children and lines of living issue representing deceased children of the testator. If one or more dies leaving no issue, the parts into which the income is divided are correspondingly decreased; and when the principal comes to be divided it is in like manner between " the issue then living of my seven children." If there should be but five, or three, or one represented by living issue, the principal must, under the terms of the will, go in equal parts, per stirpes, to the living issue.

Looking over the will as a whole for the testator's scheme of division we notice that the estate to his wife is for her natural life. The limitation over of the dwelling-house to Delia is also for life. The annuities to Delia, John and Ephraim are each for the life of the donee. The division of the remaining income is into parts corresponding in number with his children still living, and those not living who are represented by living issue. Upon the death of each of the living children, his or her share goes to surviving issue, so that the living children take a life-estate as was held in Bomeisler's Appeal.

Then along each line the right of representation is recognized. The direction is that each share shall go to those entitled as the representatives of a deceased child " not per capita, but per stirpes," thus providing the same scheme of distribution for the issue of Sarah and Fanny as for the issue of all the children living at the testator's death who might thereafter die leaving issue. The issue of all his children were thus put into one class, with the same estates and subject to the same limitations.

Let us now apply the rule we have considered to the issue of Sarah. If she had been living, one seventh part of the remaining income would have fallen to her under the will. This seventh at the death of the testator would have fallen upon her issue thus; to Isabel, Edward, and Ada living children, each one fourth of one seventh. To Sadie Kohn, a living grandchild standing in the place of her deceased mother Abby, one fourth of one seventh. This would have been a per stirpes division of Sarah's one seventh. But Isabel died before a distribution could be made. When the time came for the division of the income under the will she was represented by living issue. How now shall a per stirpes division be made? By a payment of one fourth of one seventh to her issue or to her administrator? Payment to her administrator could only be justified upon the theory of the appellee's counsel that the distributees were ascertained at the death of the testator, each member of the class taking an estate in the income for the life of the last survivor; but we held in Bomeisler's Appeal, supra, that the distributees are to be determined at each annual distribution by the formula provided by the testator. The objects of his bounty are ranged in two classes; one of which, comprising his own children living at the time of the distribution, is a constantly decreasing class, upon the extinction of which, by the death of the last surviving child, the trust ends and the estate goes into final distribution. The other, comprising living issue of his deceased children, is a constantly increasing class which must finally include all the beneficiaries under the will, and to the members of which the estate is to go in fee simple. This being settled, and the division being made per stirpes, we think all the distributees take the same estate in the income, viz., a life-estate with remainder over to living issue if any and

in default of issue of such decedent then over to surviving distributees, per stirpes.

From this it follows that on the death of Isabel her issue succeeded to her estate under the terms of the will, and is entitled to the one fourth of the one sixth, since the death of John without issue, instead of the administrator.

The decree of the orphans' court is reversed and distribution ordered in accordance with this opinion.