# Huddy's Estate.

*Will—Vested and contingent interests—Trusts and trustees— Life estate.*

Where a testator gives his estate to a trustee to pay the income of his estate to a niece for life, and after her death to pay the income to her five children, naming them, and to the children of any of her children who might be deceased, such children to take their parent's share until the death of the last of said children, when the principal shall be divided among the nieces's grandchildren and the issue of any grandchildren who may be deceased, per stirpes, and further directs that the income shall be paid quarterly, and not be subject to assignment, nor debts of any of the beneficiaries, the gift of income is limited to the children of the niece and their issue, and if a daughter of the niece dies in her mother's lifetime without issue her surviving, her interest in the income terminates with her death, and her husband, executor under her will, takes nothing.

Argued Dec. 16, 1915. Appeal, No. 359, Oct. T., 1915, by Clara H. Fagan, from decree of O. C. Philadelphia Co., April T., 1905, No. 370, dismissing exceptions to adjudication in Estate of Henry Huddy, deceased. Be-

fore RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Exceptions to adjudication.

From the record it appeared that Henry Huddy, the testator, died on April 24, 1904, leaving a will by which he provided, inter alia, as follows: "Third—I give and bequeath the following legacies free from collateral inheritance tax to wit:

"To the five children of my niece, Eliza M. Fagan, to wit: Emma, Clara, Helen, Edgar and Benjamin Fagan, each the sum of three thousand dollars ($3,000.00).

"Fourth.   All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situate, I give, devise and bequeath unto The Fidelity Insurance, Trust and Safe Deposit Company, In Trust, to hold and invest the same, and to keep the same invested in such securities as I may leave or in such other securities as they may deem for the best interests of my estate, and to collect the income thereof, and to pay the same unto my niece, Eliza M. Fagan, for and during all the term of her natural life: From and immediately after her decease, then to pay the said income in equal shares to her children as above set forth and to the children of any of her said children who may be deceased, such children to take their parents' share, until the death of the last of my said niece's children: When that occurs, I direct that the principal of my estate shall be divided in equal shares between my said niece's grandchildren and the issue of any grandchildren who may be deceased, per stirpes.   It is my will that the income so to be paid to my niece and her children shall be paid quarterly, and shall not be subject to assignment, anticipation, or alienation, nor to the debts of any of the beneficiaries, but that the same shall be held to be applied for their maintenance and support."

Helen Fagan married Edwin H. Moore, and died without issue on April 6, 1910, leaving a will by which

she appointed as executor her husband, Edwin H. Moore. Eliza M. Fagan, the testator's niece, died on Dec. 27, 1912. The trustee thereupon filed an account, by the final adjudication of which it was decreed that the executor of Helen W. Moore was entitled to one-fifth of the income derived from the estate.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to the adjudication.

*A. H. Wintersteen,* for appellant.—The testator's intent, as shown by his language, was to devote the entire income from his residuary estate to the support, during her life, of Mrs. Fagan, and upon her death to devote it, for their lives, for the support of her five named children and their children, if any; and any interpretation of the will which bestows any part of the income upon persons other than the beneficiaries named or their children, by giving it to their personal representatives upon their deaths, is a diversion from the testator's primary intent: Mulliken v. Earnshaw, 209 Pa. 226; Rowland's Est., 141 Pa. 553; Babcock's Est., 18 Dist. 453; Hildebrant v. Hildebrant, 42 Pa. Superior Ct. 190; Oyster v. Knull, 137 Pa. 448; Oyster v. Oyster, 199 Pa. 538; Bellas's Est., 176 Pa. 122; Dale v. Dale, 13 Pa. 445; McCallum's Est., 211 Pa. 205.

*John D. McMullin,* for appellee.—The gift being to five individuals, nominatim, there can be no survivorship: Long's Est., 228 Pa. 594; Patterson's Est., 247 Pa. 529; Williams v. Neff, 52 Pa. 326.

Unless petitioner's contention is correct, there is an intestacy created: Hildebrant v. Hildebrant, 42 Pa. Superior Ct. 190.

The words "and to the children of any of her said children who may be deceased, such children to take

their parents' share" are not by way of limitation, but of substitution: Massey's Est., 235 Pa. 289; Dillin's Est., 18 Dist. 420.

Little's App., 81 Pa. 190, and cases following it rule this case.

OPINION BY KEPHART, J., April 17, 1916:

The question raised on this appeal relates to the nature and distribution of the estate to which the children of Eliza M. Fagan were entitled under the will of Henry Huddy. The testator gave his estate to the Fidelity Insurance, Trust and Safe Deposit Company to hold and invest "and to collect the income thereof and to pay the same unto my niece, Eliza M. Fagan, for and during all the term of her natural life: From and immediately after her decease, then to pay the said income in equal shares to her children as above set forth and to the children of any of her said children who may be deceased such children to take their parent's share, until the death of the last of my said niece's children: When that occurs, I direct that the principal of my estate shall be divided in equal shares between my said niece's grandchildren and the issue of any grandchildren who may be deceased, per stirpes. It is my will that the income so to be paid to my niece and her children shall be paid quarterly, and shall not be subject to assignment, anticipation or alienation, nor to the debts of any of the beneficiaries, but that the same shall be held to be applied for their maintenance and support." One of the children of Mrs. Fagan, Edgar Fagan, died in the lifetime of the testator. Another child, Helen, who was married to Edwin H. Moore, died without issue April 6, 1910, after having made a will in which she appointed her husband an executor. Eliza M. Fagan, the testator's niece, died Dec. 27, 1912. The contest here arises over the distribution of the income bequeathed to Helen Fagan Moore. The conclusion of the Orphans' Court was that the interest bequeathed to her was an estate pur autre vie;

that it was vested and that it continues until the death of the survivor of the grandchildren of Eliza M. Fagan, and that the case is within the interpretation applied in Little's App., 81 Pa. 190; Leech's Estate, 228 Pa. 311; and Harned's Estate, 54 Pa. Superior Ct. 47. It was held that as the bequests to the children of Mrs. Fagan were "to her children as above set forth," that is, nominatim, there was no right of survivorship and that as there was a presumption against intestacy the gift was absolute to Mrs. Moore during the life of the survivor of her nephews and nieces. The view presented by the appellant is that the will exhibits an intention on the part of the testator to preserve the estate for the grandchildren of Eliza M. Fagan and their issue until the death of the survivor of the grandchildren of Mrs. Fagan when division is to be made per stirpes; and in the meantime to provide for the support of his niece and her children for their lives and that the case is not controlled by any presumption of intent or affected by the doctrine of survivorship but should be disposed of in the same manner as was done in Rowland's Est., 141 Pa. 553, in which it was held that the administrator of a deceased son of the testator to whom was bequeathed a proportionate share of the income of the estate and who died without issue was not entitled to the share bequeathed to that son; that the provision for payment to the testator's children or the issue of any who may have died created two classes: children of the testator, and issue of deceased children; and that as the son died without issue he fell out of the first class and was not represented in the second. The cases relied on by the court below were all determined on the ground that no intention of the testator was disclosed to give any other effect to the bequest than that of an absolute gift. It is contended here, however, that there is a definite expression of an intention inconsistent with the conclusion that any other person than the niece or her children or the issue of her children can take under the will. A comparison of this

will with that in Rowland's Estate shows a very close resemblance. In the latter there was a direction to divide annually the net balance of income equally per stirpes and not per capita between the testator's children and the issue of his children that may at any time have died leaving issue, until the death of the survivor of said children, the principal of the estate to be held until the death of every one of the testator's children and at the death of the last of them to be divided equally per stirpes between the issue then living of the testator's children. In the pending case the will provided for the payment of the income in equal shares to the testator's children who had been named in a preceding part of the will and the children of any who may be deceased, such children to take their parents' share. Payment was to be made quarterly the fund not to be subject to assignment, anticipation and alienation nor to the debts of any of the beneficiaries but was to be held to be applied for their maintenance and support. No distinction is apparent in the two cases which leads us to a conclusion that Rowlands Estate should not control the one which we are called on to decide. The situation of the son in the former case is identical with that of the appellee here and the evidence of intention is indeed stronger in this case than in the other for the bequest is not only protected by a spendthrift's trust but is especially appropriated to the maintenance and support of the legatee. The "beneficiaries" referred to in the will are no others than the niece, Mrs. Fagan, her children, and her grandchildren. These are the persons for whose benefit the property is set apart and the purpose of the testator is apparent to so control its destination as to result in their benefit and advantage exclusively. The other view of the case diverts it to strangers and subjects it to possible liability for the debts of those who are alien to the testator's blood and strangers to his bounty. If the distributees are treated as two classes, viz: the children of Mrs. Fagan and her grandchildren, as was done in Rowland's Estate no question of survivor-

ship arises nor is there an intestacy.   The deceased
legatee had a vested interest in the income for her own
life.   The distinction sought to be drawn between Row-
land's Estate and this case, because in the former there
was provision for an annual division of the income per ·
stirpes, is not convincing in view of the fact that a quar-
terly division was provided for by the testator here and
it was directed that grandchildren should take their
parents' share which is as clearly an arrangement for
distribution per stirpes as if a technical phrase had
been used for that purpose.   The fact that payment was
to be made in one case annually and in the other every
three months is not a controlling consideration.   In `
Little's Appeal, supra, there were no words in the will
to show an intent to limit the gift of the income to the
legatee for her own life.   There was no gift over of the
income on the death of Mrs. Little, nor was there any-
thing in the will showing an intention to provide other-
wise than that the estate should pass to her legal repre-
sentatives at her death.   The absence of a gift over and of
an expressed intention as to the use and enjoyment of the
income gave support to the determination of the court
that the gift was absolute in the first taker pur autre vie.
Of like import is Hildebrant v. Hildebrant, 42 Pa. Su-
perior Ct. 190.   In Leech's Estate, supra, there was ex-
press provision for payment to the widow of either of the
testator's sons as such son might by his last will direct
and appoint, and there was no feature of the whole will
which suggested an intention to give less than a full and
absolute estate in the income to the legatees.   All of the
cases following Little's Appeal are distinguished by the
absence of any purpose of the testator to appropriate the
estate exclusively to a class of legatees, and in that re-
spect this case belongs to the class of which Rowland's
Appeal and Babcock's Estate, 18 Dist. Rep. 453, are illus-
trations.   Our conclusion is that by the terms of the tes-
tator's will the distribution was limited to the children
of Eliza M. Fagan and their issue for the purpose stated

in the will and that the interest of Helen Fagan Moore in the income terminated with her death. It follows, therefore, that the decree should be reversed and distribution made accordingly.

The decree is reversed and the record remitted to the court below for further proceedings.