## Phillips's Estate

The facts appear from the adjudication of

HENDERSON, J., Auditing Judge.—The trust in this estate arose under the will of Emily Phillips, who died July 6, 1901, whereby, inter alia, she gave the residue of her estate to her executors and trustees in trust from the net income thereof to pay to her sister, Catharine Moses, for life the sum of $1200 per annum, and upon her decease to pay over said sum of $1200 to her daughters, Arabella P. and Catharine Moses, as long as they live and to the survivor of them as long as she may live, further providing: "and I do hereby authorize and empower my executors and trustees or the survivor of them but entirely at their discretion, or the discretion of the survivor and without the power of any one to compel them to do so to divide any surplus of interest that may accrue from the said residuary personal estate after the payment of the said Twelve Hundred Dollars aforesaid, equally among my said nephews and nieces including said Arabella P. and Catharine Moses, that may be living at the time of such distribution and to the issue of any of them who may then be deceased, such issue taking only such share thereof as his or her parent or parents would have received if living; and after the death of such survivor to pay over out of said residue unto the Trustees of the Charity Fund of the Grand Lodge of Free and Accepted Masons of the State of Pennsylvania, payment to be made to the Treasurer for the time being the sum of Twenty-four Thousand Dollars in memory of their late Grand Master Henry M. Phillips, said sum to be used and distributed in the City of Philadelphia, And the balance of said residue together with any interest that may have accrued thereon to pay over and divide the same equally among my nephews and nieces above mentioned who may be living at the time of the decease of such survivor and to the issue of such as may then be deceased, such issue taking only such share as the parent or parents would have taken if living including of course any issue of said Arabella P. and Catharine Moses in such distribution, and in the event of any of said nephews and nieces dying in the life time of such survivor or without leaving any issue living at the time of his or *her* death, the share of the one so dying, shall be divided among the survivors of said nephews and nieces and the issue as aforesaid."

The word "her" italicized above has been omitted in the printed copy of the will annexed to this adjudication, but an examination of the original will shows that it contains the word as quoted.

By a subsequent item the testatrix provided as follows:

"I order and direct that no nephew or niece or representative of any such shall have the right to call to account my Executors or Trustees until such

time as he or she may be entitled to receive into his or her possession the share of the residuary estate, nor shall any estate vest until such time."

Catharine Moses, annuitant, died in the lifetime of testatrix. Arabella P. Moses, annuitant, died January 5, 1927. Catharine Moses Werber, annuitant, survives, and the trust will continue during her lifetime.

Thirteen nephews and nieces were mentioned in the will.

Five of them died in the lifetime of the testatrix, without issue, to wit, Rebecca, Catharine and Henry Phillips, and Myer B. and Zaligman P. Moses.

Seven have since died, to wit:

H. Claremont Moses died November 24, 1905, leaving to survive him six children, Arabella P. Moran, Louise M. Van Deventer, Minnie I. Moses, C. Alice Moses, Catharine E. Moses Bryan and Henry C. Moses, Jr.

Altamont Moses died December 8, 1905, leaving to survive him six children, Katharine Moses, Herbert A. Moses, Vivian M. Moses, Emile P. Moses, Armida Moses Jennings and Henry P. Moses.

Edwin Phillips died July 23, 1906, without issue.

Franklin J. Moses died January 19, 1907, leaving to survive him three children, Cornelius F. Moses, Montgomery Moses (now known as Moses Montgomery) and Frank J. Moses.

Charles L. Phillips died January 12, 1910, without issue.

Ellen Phillips Samuel died October 1, 1913, without issue.

Arabella P. Moses died January 5, 1927, without issue.

Catharine Moses Werber is the sole survivor. She is also the surviving annuitant mentioned above.

In the exercise of their discretion, the trustees have paid the surplus income remaining after the payment of the annuities to the living nephews and nieces, and after their deaths to their children.

As recited above, one of the nephews, Franklin J. Moses, died January 19, 1907, leaving to survive him three children, Cornelius F. Moses, Montgomery Moses (known as Moses Montgomery) and Frank J. Moses.

This account is filed because of the death of Moses Montgomery on December 23, 1930, without issue. He left to survive him a widow, Gertrude Montgomery, to whom letters of administration were granted by the Surrogate of Westchester County, New York.

The share of income which Moses Montgomery received in his lifetime is claimed by his administratrix, who contends that he had a vested interest per autre vie. This income is also claimed by his brothers, Cornelius F. Moses and Frank J. Moses, in their own right as "issue" of their father, Franklin J. Moses.

Surplus income was paid to the nephews and nieces or their issue under the following clause of the will:

"I do hereby authorize and empower my executors and trustees or the survivor of them but entirely at their discretion, or the discretion of the survivor and without the power of any one to compel them to do so to divide any surplus of interest that may accrue from the said residuary personal estate after the payment of the said Twelve Hundred Dollars aforesaid, equally among my said nephews and nieces including said Arabella P. and Catharine Moses, that may be living at the time of such distribution and to the issue of any of them who may then be deceased, such issue taking only such share thereof as his or her parent or parents would have received if living."

It is conceded that the right of the nephews and nieces to receive income was contingent upon their being living at the time of distribution. The trustees have followed this construction, and since the death of Franklin J. Moses,

nephew, in 1907, his share of the income has been paid to his "issue," his three children, Moses Montgomery, Cornelius F. Moses and Frank J. Moses.

Now that Moses Montgomery has died, the question arises as to whether his right to income is contingent upon his being alive at the time of distribution.

In my opinion, the only right of the nephews and nieces or their issue arises from the discretion in the trustees to pay and divide, and hence it is contingent, and the right to receive is dependent on whether they are living at the time of distribution.

If Moses Montgomery had left a child, he would take under the designation "issue." As Moses Montgomery did not leave a child, the other two children of Franklin J. Moses who are issue living at the time of distribution will take.

This follows Rowland's Estate, 141 Pa. 553, and 151 Pa. 25, where the testator directed that surplus of net income over and above what was required for annuities be annually divided per stirpes among his children and the issue of any that may at any time have died leaving issue until the death of the last survivor of his children. Mr. Justice Williams said (151 Pa. 25, 29) :

"The distributees are to be determined at each annual distribution by the formula provided by the testator. The objects of his bounty are ranged in two classes; one of which, comprising his own children living at the time of the distribution, is a constantly decreasing class, upon the extinction of which, by the death of the last surviving child, the trust ends and the estate goes into final distribution. The other, comprising living issue of his deceased children, is a constantly increasing class which must finally include all the beneficiaries under the will, and to the members of which the estate is to go in fee simple. This being settled, and the division being made per stirpes, we think all the distributees take the same estate in the income, viz., a life estate with remainder over to living issue, if any, and in default of issue of such decedent then over to surviving distributees, per stirpes."

The principle of Rowland's Estate was recognized and applied in Nixon's Estate, 101 Pa. Superior Ct. 152 (affirmed 306 Pa. 261).

It follows that the administratrix of Moses Montgomery is only entitled to the share of income accruing in his lifetime, and that Cornelius F. Moses and Frank J. Moses, the living issue of Franklin J. Moses, take their parent's share.

I will quote again the subsequent item of the will hereinbefore referred to:

"I order and direct that no nephew or niece or representative of any such shall have the right to call to account any Executors or Trustees until such time as he or she may be entitled to receive into his or her possession the share of the residuary estate, nor shall any estate vest until such time."

There appears to have been no reason why this clause should have appeared in the will other than it reiterates that no vesting takes place until the right of possession accrues, which is another way of saying that when the contingency is resolved there is a vesting and a right of possession.

*Frank L. Shallow*, for exceptant.

*E. Stanley Richardson*, of Middleton, Blakeley & Richardson, contra.

LAMORELLE, P. J., March 30, 1932.—Our examination of the record, including printed copy of the will submitted at the time of argument, and of the briefs submitted, convinces us that the learned auditing judge was correct in his interpretation of the will and in his award of income, to which the exceptions were taken. In principle, the case does not differ from Nixon's Estate (wherein two of the six judges dissented, following the line of argument advanced by the exceptant), 13 D. & C. 487, which case was affirmed by the Superior Court in a comprehensive review of the authorities by Judge Linn

558

(101 Pa. Superior Ct. 152), whose opinion was adopted and followed by the Supreme Court in a per curiam opinion (306 Pa. 261).

All exceptions are accordingly dismissed and the adjudication is confirmed absolutely.

VAN DUSEN, J., did not sit.