## Estate of Jacob K. Smith, Deceased.

470

Argued October 9, 1933.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas Stokes,* and with him *Ernest Scott,* for ap-

pellant, cited: Little's Appeal, 81 Pa. 190; Leech's Estate, 18 Dist. 527; Dillin's Estate, 18 Dist. 420.

*Robert T. McCracken,* and with him *A. Evans Kephart,* for appellees, cited: Nixon's Estate, 306 Pa. 261; Rowland's Estate, 141 Pa. 553; Maxwell's Estate, 261 Pa. 140.

PER CURIAM, November 23, 1933:

We agree with the court below, that this case is ruled by Nixon's Estate, 101 Pa. Superior Ct. 152, affirmed by the Supreme Court in 306 Pa. 261, 159 Atl. 442, on the opinion of Judge LINN.

The clauses in Jacob K. Smith's will creating what is known as the Twenty-fifth Ward Trust and the Enterprise Trust, respectively, which are printed in the Reporter's note, are so similar to the pertinent provisions of the will of Martin Nixon, which are recited in Judge LINN's opinion, supra, as to require, in our opinion, a like construction.

In Nixon's Estate a trust was created to continue during the lives of testator's four children and the survivor of them. Until the termination of the trust the income was to be divided equally among his children; in case of the death of any child without leaving issue him or her surviving, the portion of income of such child was payable to the survivors or survivor of his children for life; in case of the death of any child leaving issue him or her surviving, the portion of income payable to the parent of such issue prior to his decease was to be paid to such issue in equal proportions for and during the lives of the survivors and survivor of his children. On the termination of the trust the principal was distributable to and among the lawful issue of his children, per stirpes. A daughter, Martha B. Miller, died before the trust was ended, leaving two sons, Martin Nixon Miller and Charles Miller 2d. The grandson, Charles Miller 2d, died,

during the continuance of the trust, without issue. The question for decision was who, since the death of Charles Miller 2d, was entitled to the share of income paid to him in his lifetime; his surviving brother or his personal representative? The question was decided in favor of the surviving brother.

In the present case, Marianna Keller, one of testator's children, died during the continuance of the trust, leaving three children, Paul S. Keller, Harry E. Keller, and Lillian K. Stulb, and no other issue. Paul S. Keller died subsequently, without issue. Both trusts created by the testator still continue. The question for decision is, who since the death of Paul S. Keller is entitled to the share of income paid to him in his lifetime; his surviving brother and sister or his personal representative? The ruling in Nixon's Estate requires a decision in favor of the surviving brother and sister. This is in accord with recent decisions of the Supreme Court which establish as a policy of interpretation that where under a trust created by a testator income is payable to a class, and one of the class dies without issue, the income formerly payable to him will be awarded to the survivors of the class rather than to his personal representative, unless a contrary intent clearly appears from the will: Maxwell's Est., 261 Pa. 140, 104 Atl. 501; Rowland's Est., 141 Pa. 553, 21 Atl. 735. In the absence of such a clearly expressed contrary intent, the gift of income to the class is construed to be a life estate, with remainder over to living issue, (Rowland's Est., 151 Pa. 25, 29), the purpose being to deal with the beneficiaries in classes and upon the death of any one without issue, the class as to him fails, and his life estate falls in: Maxwell's Est., supra, p. 146.

The only substantial difference between this will and Martin Nixon's rests in the fact that under the trust created by Nixon's will the income was payable

to the recipients without liability for the payment of their debts, while under the trusts created by Jacob K. Smith's will there is no such provision.

A careful reading of Judge LINN's opinion in Nixon's Estate convinces us that the decision in that case was not dependent on the spendthrift clause in the will; that it would have been the same had the spendthrift clause been absent. He based the decision on the rulings of the Supreme Court in Maxwell's Est., supra; and Rowland's Est., supra, and in none of the three wills construed in those cases was there a spendthrift trust involved.

One phrase in Judge LINN's opinion is relied on by appellant, to distinguish Nixon's Estate from this case, viz., "All possible doubt about the intention to benefit only living children and living grandchildren is removed by the provision, quoted above, exempting the income from liability for debts." As we read the opinion, this expression was merely added to clinch the argument, as presenting additional evidence that the testator's intention coincided with the policy of interpretation adopted by the Supreme Court; but even without it, the ruling would have been the same. An analysis of the nature of a spendthrift trust shows that it does not affect the *quantum* of the estate created by the trust, but only protects the cestui que trust in its *enjoyment*.

Following the authority of Nixon's Estate, supra, which, in turn, followed Maxwell's Estate, supra, the appeal is dismissed and the decree of the court below is affirmed at the costs of the appellant.