## Wood's Estate

*J. Edgar Wilkinson, Clark Brown & McCown,* and *Francis Biddle,* for exceptants.

*Walter T. Fahy* and *Daniel C. Donoghue,* contra.

VAN DUSEN, J., March 16, 1934.—The will created a trust which is to last during the life of testator's sister and brothers, one of whom, Walter, is still living. During that time, one third of the income is disposed of as follows:

". . . During the lifetime of my brother Edward R. Wood, should he survive me, the one-third part of one of said lots (shares) shall be paid to him, and the remaining two-thirds part of said lot shall be divided equally between such of his children as may survive me, and in case of the death of my said brother the entire lot shall be divided equally between the children who survive."

Edward R. Wood left four children to survive the testator. Of these, Charles died with issue, and Edward, Jr., died without issue, and later their father died. At the end of the trust the whole principal is specifically given to Charles and Edward, Jr., and to the heirs of the other two children, Juliana and Mariane, in irregular shares.

The auditor awarded income accruing after the death of each child of Edward R. Wood to his children who then survived, so that now the two remaining children, Juliana and Mariane, are getting the whole. He did so on the authority of Nixon's Estate, 13 D. & C. 487, 101 Pa. Superior Ct. 152, 306 Pa. 261; Phillips's Estate, 16 D. & C. 555, and Smith's Estate, 18 D. & C. 325, 110 Pa. Superior Ct. 469, believing that those cases are to be read as holding that, where there is a gift of income to a class during the life of the trust, survivorship is implied within the class unless there is something in the will to the contrary. Those cases rest on prior authority. Is such a rule to be found in the cases?

In Rowland's Estate, 141 Pa. 553, 151 Pa. 25, there was a gift of income to five named children, and the issue of two deceased children "and the issue of any other of said children that may at any time have died leaving issue, until the death of the last survivor of said children," when the principal was to be divided per stirpes among the issue then living of all the children.

In the decision reported in 141 Pa. 553, one of the children of the testator, John, died after the testator, leaving no issue. Another child had died in the lifetime of the testator, leaving issue. The court below held that John took an estate not for his own life but for the life of the last survivor of his brothers and sisters, and awarded his share to his personal representative. The Supreme Court held that his share fell into the other shares. It said:

". . . The distributees thus ascertained will consist of two classes, viz., living children of the testator, and living issue of deceased children taking in the right of the parent, or per stirpes.

"At the death of the testator, the first of these classes was four in number; the other, three;—in all, seven. When John died leaving no issue, he fell out of the first class, and he was not represented in the second. His life-estate fell in, and the distributees were reduced in number to six. The distribution being made annually, per stirpes, whenever a stirps falls out the share falls in, and the number of distributees is diminished. This mode of distribution does not disturb the holding of the court below that each child living at the death of the testator took a vested interest in the income, but reduces his interest to an estate for his own life. This effectuates the purpose of the testator. It provides for his own children where they live, and it secures his estate to his grandchildren without loss, when the event upon which their right to take as absolute owners shall happen."

Later, another vacancy occurred under the same will. One of the issue of a deceased child was Isabel. She died leaving issue. The orphans' court awarded to Isabel's executors. The Supreme Court reversed, saying at 151 Pa. 25, 29:

"The objects of his bounty are ranged in two classes; one of which, comprising his own children living at the time of the distribution, is a constantly decreasing class, upon the extinction of which, by the death of the last surviving child, the trust ends and the estate goes into final distribution. The other, comprising living issue of his deceased children, is a constantly increasing class which must finally include all the beneficiaries under the will, and to the members of which the estate is to go in fee simple. This being settled, and the division being made per stirpes, we think all the distributees take the same estate in the income, viz., a life-estate with remainder over to living issue if any and in default of issue of such decedent then over to surviving distributees, per stirpes.

"From this it follows that on the death of Isabel her issue succeeded to her estate under the terms of the will, and is entitled to the one fourth of the one sixth, since the death of John without issue, instead of the administrator."

It will be noted that in the first case the vacancy occurred among the children.

The will provided for the death of a child with issue "at any time", but did not provide for the death of a child without issue. Though the case was not expressly provided for, the Supreme Court from the general per stirpes plan of the will inferred the wish of the testator that John's share should fall into the other shares.

In the second case, the vacancy occurred among the issue of a deceased child. No express provision was made in the will for a substitution in this class at any time. Nevertheless, from the per stirpes plan of the will a wish of the testator was inferred that the share of the deceased recipient of income should go to her issue.

Huddy's Estate, 257 Pa. 528, and Maxwell's Estate, 261 Pa. 140, were substantially like the first Rowland case, and that decision was followed. The only possible difference is that the substitution of issue of a deceased child in the place of the parent was not broadened by the use of the expression "at any time" as in the Rowland will; so that it might be said of the Huddy and Maxwell wills that there was no express substitution in those wills for the deceased recipients of income once the trust had started.

Phillips' Estate followed the second Rowland case. The will provided for "nephews and nieces . . . that may be living at the time of such distribution and to the issue of any of them who may then be deceased," so that the will is very closely like the Rowland will.

In Kemble's Estate, 279 Pa. 368, the will gave income during the life of the trust to children "or if any child shall die leaving children [living] at my death" such children were to receive the parent's share of income. Principal eventually went to those entitled under the intestate laws as of the end of the trust. Here a substitution is provided for in case of a vacancy among the life tenants during the continuance of the trust; but it is not a substitution of issue generally, but only a substitution of those children of a deceased child who shall be living at the death of the testator. Principal also does not go to the class who are taking income at the end of the trust, but to next of kin generally as of that time. The vacancy occurred among the children of a deceased child, a class in which, as in the second Rowland case, there was no substitution. Nevertheless, the Supreme Court approved an award to the survivors of this class where one member of the class died without issue. The opinion assimilated the case to Maxwell's Estate, and relied on the per stirpes plan of the will, although, as noted, it was not by any means a perfect per stirpes plan.

In Megargee's Estate, 10 D. & C. 595, the will gave income after the death of the widow and during the life of the survivor of the children "unto all his children that should then be living and the lawful issue of such of them as should then be deceased . . . for . . . the life of the survivor of them so nevertheless that such lawful issue should take and receive such part and share only as his, her or their deceased parent would have had and taken if then living". The principal was to go at the end of the trust to grandchildren living and the issue of any deceased.

It will be noted that there were no substitutions for any beneficiaries in any class who might die during the continuance of the trust. The income for a long time was shared by a child and the son of a deceased child. The latter died, and his share of the income was awarded to his three children.

The Nixon will also exhibited a per stirpes plan, and it was substantially like the Rowland will with these exceptions: (a) That (like the Huddy and Maxwell wills) the substitution of issue for a deceased recipient of income was not to be made "at any time"; and (b) that the event which was not provided for in the Rowland will was provided for in the Nixon will. Nixon provided that

in case of the death of one of the first recipients of income, a child, without issue, his share should go to the survivors of the children. But the event which happened was the death of one of the issue of a deceased child leaving no issue. That is to say, the vacancy occurred among the same class as that in which it occurred in the second Rowland case. This was a class in which the testator had made no provision for the occurrence of vacancies at any time.

We thought that the case was governed by the other cases just cited, and our decision was affirmed. Judge Linn's opinion quotes the above passage from the second Rowland case and assimilates the case before him to those cases. It may be that in all that was said in this court, and even in the appellate court, the writer did not have it clearly in mind that the likeness was to the second Rowland case, and not to the first one; but the conclusion that the result was governed by the second Rowland case was undoubtedly correct.

The Smith case was substantially like the Nixon case. Sinkler, J., said:

"The tendency of recent decisions construing testamentary trusts similar to the one now before us is to award the share of income formerly payable to one of a class dying without issue to the survivors of the class rather than to the estate of the one so dying."

and the per curiam opinion of the Superior Court, in affirming, said (p. 474):

"The ruling in Nixon's Estate requires a decision in favor of the surviving brother and sister. This is in accord with recent decisions of the Supreme Court which establish as a policy of interpretation that where under a trust created by a testator income is payable to a class, and one of the class dies without issue, the income formerly payable to him will be awarded to the survivors of the class rather than to his personal representative, unless a contrary intent clearly appears from the will: Maxwell's Est., 261 Pa. 140, 104 Atl. 501; Rowland's Est., 141 Pa. 553, 21 Atl. 735. In the absence of such a clearly expressed contrary intent, the gift of income to the class is construed to be a life estate, with remainder over to living issue (Rowland's Est., 151 Pa. 25, 29), the purpose being to deal with the beneficiaries in classes and upon the death of any one without issue, the class as to him fails, and his life estate falls in: Maxwell's Est., supra, p. 146."

In reading these passages, the fact should be kept in mind that the will in question, like all the other wills of which we have been speaking, contained a per stirpes plan of distribution among children and the issue of deceased children.

In the present case, we have a bare gift of the two thirds of the income in question to the children of Edward. There are no substitutions in any class at any time as to this two thirds. There is no progressive plan from class to class ending with a distribution of principal among those who at the last moment are taking income. The principal goes to Edward, Jr., and Charles, and to the heirs of Juliana and Mariane. There is no termination in any event of the trusts in income once given to Edward's children, except the ending of the whole trust. There are no materials from which to infer a survivorship among a class.

If the auditor is right, then if Walter Wood should outlive his nieces, Mariane and Juliana, there will be no one to take at all. If any inferences are to be drawn in this case, then, having regard to the second Rowland case and the Megargee case, Charles' share of income should go to his issue and not to the survivors in the class, and the share of Edward, who died without issue, should fall into the other share, including that of Charles.

We think that the reading of substitutionary gifts into wills by inference from the general plan of the testator has gone far enough, and that there is

no such general rule as that stated by the auditor, to be applied when the testator has no plan at all.

We conclude that this case falls within the principle of Little's Appeal, 81 Pa. 190, 193, in which the court said:

"The testator has used no words in this will to show' an intent to limit the gift of the income to Mrs. Little for her own life. In the absence of any such express purpose, we must look to the legal effect of the language he has employed."

See also Leech's Estate, 228 Pa. 311. What the auditor calls the principle of inertia applies—the testator gives an estate to Edward's children, and he does not indicate any change in it in any event; therefore it must continue until the end of the trust, payable to his personal representatives if he does not survive to receive it in person.

We have discussed this case entirely without reference to the spendthrift clause in the will, because we agree with what the Superior Court said of such a clause in Smith's Estate:

"An analysis of the nature of a spendthrift trust shows that it does not affect the quantum of the estate created by the trust, but only protects the cestui que trust in its enjoyment."

The exceptions are sustained. The shares of income of Charles and Edward, Jr., should be awarded to their personal representatives after their respective deaths, and the share of income of Edward R. Wood should fall into the shares of his children. A decree will be entered confirming the auditor's report as thus modified.