Trainer's Estate.

Argued November 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES, and RHODES, JJ.

*Henry C. Hicks,* with him *Charles F. Greevy,* for appellant.

*John B. Cupp,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1935:

The question before us is whether the appellant's husband, who died before the termination of a testamentary trust created by his father, had a vested estate in the income pur autre vie, or was his interest terminated by his own death?

George F. Trainer died April 14, 1918, survived by four children, Robert F. Trainer, Katharine Harvey Watson, Mary Rittenhouse Trainer, and Anna Carrie Trainer. The testator directed that his personal estate be divided between his four children above named, and devised certain parcels of his real estate to each of them. The residuary clause of the will created a trust estate, consisting of the undevised realty, which was subsequently sold in accordance with the provisions of the will and the proceeds invested. The testator directed that the trustee pay, quarterly, $150 from the net income to each of his two unmarried daughters, Mary and Anna, and that he pay the balance of the net income, provided it did not exceed $2,400, to his son, Robert, and daughter, Katharine. "Should the net income thereof (trust estate) exceed the said sum of Twenty-four Hundred ($2400.00) Dollars per annum, then the same shall be divided between my said four

children." The will further provided: "Upon the death of either the said Mary Rittenhouse Trainer or the said Anna Carrie Trainer, said net income shall be divided equally between the then remaining children, provided the net income thereof, as so distributed, shall be sufficient to pay the survivor of my said daughters, Mary Rittenhouse Trainer and Anna Carrie Trainer, the said sum of Fifty ($50.00) Dollars per month; otherwise she shall be paid the said sum of Fifty ($50.00) Dollars per month out of said income."

On January 7, 1933, the son, Robert, died testate, leaving to survive him no children, but a widow, Nelle T. Trainer, the appellant, who, under the terms of her husband's will, became his executrix and sole legatee. Mary Rittenhouse Trainer, his sister, died January 16, 1933, unmarried and without issue. An account was filed by the Lycoming Trust Company, substituted trustee, setting forth the amount of principal in its hands and the balance of income. The court below sustained the conclusion of the auditor that Robert's share at his death fell into the estate, and that the appellant, as executrix or as widow, was not entitled to participate further in the trust estate.

It is our duty to examine the will for the purpose of determining, if possible, its meaning, without reference to any canons of construction: Boyer et al. v. Campbell, 312 Pa. 460, 167 A. 284. "There is no sound reason in the nature of things why the actual meaning of the person using the words should not be sought in the case of a will exactly as it is in the case of a contract:" Mulliken v. Earnshaw, 209 Pa. 226, 230, 58 A. 286. Obviously, the primary intent of the testator was that his two unmarried daughters were to have an assured income of $50 per month, and, if the income exceeded $2,400, there should be an equal division between the four children. No express provision was made for the distribution of Robert's or Katharine's share of the income if either should die before the arrival of the

time fixed for final distribution of the principal. But there is no uncertainty in our mind that at Robert's death his interest in the income ceased. Any doubt of the testator's intent that the appellant was not entitled to receive a share of the income after Mary's death, which occurred but nine days after Robert died, is dispelled by the direction in the will that upon the death of either Mary or Anna the "net income shall be divided equally between the then remaining children." This language is explicit, and means that the income was to be divided between his children as a class—not as individuals by name. The will further emphasized that only those of the testator's own blood were to share in the estate by the later provision, to wit: "Upon the death of both the said Mary Rittenhouse Trainer and the said Anna Carrie Trainer, the trust herein created shall cease and determine and I give, devise and bequeath said trust estate to my then living children and the direct heirs of any who may be deceased; said heirs to inherit the share of their ancestors." True, the testator was here speaking of the division of the principal, and that of itself is not controlling in the distribution of the income, but, as was said in Little's Appeal, 81 Pa. 190, 193, "Yet, it is not without weight upon the question of intent."

The appellant relies largely upon that case to support her contention. There the testator gave the entire income from his estate, during the life of his daughter, Elizabeth, or while she remained single, to his two daughters, Martha and Elizabeth, the former to receive one-third and the latter two-thirds. Martha died, leaving a husband and children. The court held that a vested legacy was given to Martha, for the life of Elizabeth, subject to being determined by her marriage. The principal estate was not to be distributed until after Elizabeth married or died. In the meantime, the income formerly paid to Martha was not disposed of. It is important to note that if Martha did not have a

vested estate, intestacy would have followed as to the one-third portion of the income which she had formerly received. The court held that there was nothing upon the face of the will from which such intent could be gathered or presumed. There is no question, here, as to intestacy, which is always to be avoided if possible, of any portion of this estate. The facts in Little's Appeal, supra, are so dissimilar that the reasoning and conclusion have no material bearing on the case at bar.

We think the testator's intent, which must control, is manifest, that his living children should have the use and enjoyment of the income until the death of the surviving daughter. We find no intimation that it was to go to any other person. Rowland's Est., 141 Pa. 553, 21 A. 735; Huddy's Est., 257 Pa. 528, 101 A. 818; Maxwell's Est., 261 Pa. 140, 104 A. 501; Nixon's Est., 306 Pa. 261, 159 A. 442; Smith's Est., 110 Pa. Superior Ct. 469, 169 A. 16, support this conclusion, and control, rather than Little's Appeal, supra, and the cases following it.

The appeal is dismissed, and the decree of the court is affirmed at the cost of appellant.