## Brock's Estate

Before Van Dusen, P. J., Stearne, Klein, Bolger, and Ladner, JJ.

*Robert Brigham* and *Ulric J. Mengert*, for exceptants.

*Gilbert W. Oswald*, contra.

VAN DUSEN, P. J., November 7, 1941.—Testator gave his residuary estate in trust to pay the income to his wife and two sons in fixed sums per year, and the balance to his remaining children. He then provided, with respect to income:

"Upon the death of my said wife or either of my said two sons leaving no issue living at the time of their

deaths respectively, the sums so to be paid to them shall be divided equally among my remaining children then living and the issue of any of them who may have died, such issue taking per stirpem, and upon the death of any other of my children the share of such child shall be paid to the issue of said child living at the death of such child and in case of the death of any of my remaining children dying leaving no issue living at the time then such child's share shall be equally divided among the survivors of said remaining children the issue of any deceased one taking per stirpem."

As to principal, he provided:

"This trust shall continue during the lifetime of my children and after the death of all of them I direct that my estate shall then vest absolutely in and be divided among my grandchildren per stirpem."

Two grandchildren, Alice and Henry, have been receiving shares of income, and have died without issue. The trust continues because a daughter is still living.

The auditing judge held that the shares of income which Alice and Henry had been receiving go to the living daughter and issue of deceased children per stirpes and not to the executors of the deceased grandchildren per autre vie. We think this was correct. It is a class gift *of income* to children and their issue during the continuance of the trust. The classes shift, as some die and others are born, and it is to be interpreted as "a life-estate with remainder over to living issue if any and in default of issue of such decedent then over to surviving distributees, per stirpes": Rowland's Estate, 151 Pa. 25, 29; s. c. 141 Pa. 553. To the same effect are Maxwell's Estate, 261 Pa. 140, Huddy's Estate, 257 Pa. 528, Nixon's Estate, 306 Pa. 261, Wood's Estate, 321 Pa. 497, Smith's Estate, 110 Pa. Superior Ct. 469, and Trainer's Estate, 120 Pa. Superior Ct. 149.

Little's Appeal, 81 Pa. 190, which is the favorite citation on the other side, differs widely from the present case (as has often been noted) in that there was no gift

of income to a shifting class. There was a gift of a share of income to Martha J. Little, by name, and, as the opinion states, ". . . there is no gift over of this income upon the death of Mrs. Little".

The exceptions are dismissed and the adjudication is confirmed absolutely.

Judge Sinkler did not sit or participate in the deliberation of this case, or in the decision of the court.